| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Peter T. Steinberg, Esq., SBN 96834<br>Steinberg, Nutter & Brent, Law Corporation<br>23801 Calabasas Road, Suite 2031<br>Calabasas, California  91302<br>Telephone (818) 876-8535/(310) 451-9714<br>Facsimile (818) 876-8536/(310) 451-0929<br>Email: mr.aloha@sbcglobal.net<br><br><br>*Attorney for Plaintiff* Pierce H. O'Donnell | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>Pierce H. O'Donnell,<br><br><br><br>Debtor(s). | CASE NO.: 2:14-bk-26032-ER<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: |
|---|---|
| Pierce H. O'Donnell,<br><br><br>Plaintiff(s)<br>Versus<br>Susanna Pullen, an individual, Drury Pullen, A Professional Law Corporation, and Dawn Donley O'Donnell, an individual,<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____ | Place: |
|---|---|
| Time: _____ | ☒ 255 East Temple Street, Los Angeles, CA 90012 |
| Courtroom: <u>1568</u> | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☐ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |
| | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                Page 1                    **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                        Page 2                        F 7004-1.SUMMONS.ADV.PROC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:



☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.



☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.



☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


_____  _____  _____
*Date*                                    *Printed Name*                                              *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                                   Page 3                               **F 7004-1.SUMMONS.ADV.PROC**

PETER T. STEINBERG (SBN 96834)
STEINBERG, NUTTER & BRENT, Law. Corp.
23801 Calabasas Road, Suite 2013
Calabasas, California 93102-3316
Tel: (818) 876-8535
Fax: (818) 876-8536
Email: mr.aloha@sbcglobal.com

Attorneys for Debtor
PIERCE H. O'DONNELL

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>PIERCE H. O'DONNELL,<br><br>               Debtor. | Case No. 2:14-bk-26032-ER<br><br>Chapter 7<br><br>**DEBTOR'S COMPLAINT FOR AN ADJUDICATION OF CONTEMPT, INJUNCTION, DAMAGES, AND ATTORNEYS' FEES FOR VIOLATION OF AUTOMATIC STAY** |
| PIERCE H. O'DONNELL, Debtor,<br><br>               Plaintiff,<br><br>v.<br><br>SUSANNA PULLEN, an individual, DRURY PULLEN, A PROFESSIONAL LAW CORPORATION, and DAWN DONLEY O'DONNELL, an individual,<br><br>               Defendants. | Adv. Proceeding No. _____ |

Debtor Pierce H. O'Donnell ("Debtor), by his undersigned counsel, hereby files his Complaint against Defendant Susanna V. Pullen ("Pullen"), Defendant Drury Pullen, APLC ("Drury Pullen"), and Defendant Dawn Donley O'Donnell  ("Donley") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1.    This is an adversary proceeding by the Debtor against Defendants, as authorized by 11 U.S.C. § 362 (k), for an adjudication of contempt, injunction, damages, and attorneys' fees and costs for their willful violation of the automatic stay by virtue of initiating contempt proceedings against Debtor in the Santa Barbara County Superior Court and seeking to collect property of Debtor's bankruptcy estate.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to U.S.C. § 1334 (a) because this adversary proceeding arises in, arises under, and is related to the Chapter 7 case, *In re Pierce H. O'Donnell*, pending in the United States District Court for the Central District of California, Los Angeles Division, as Case No. 2:14-bk-26032-ER.

3.    This Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 1409 (a).

4.    This Complaint is a core proceeding pursuant to 11 U.S.C. § 157 (b) (2).

## THE PARTIES

5.    On August 20, 2014, Debtor, a resident of Los Angeles County, filed his Chapter 7 petition in this Court.

6.    Donley is a resident of Santa Barbara County.

7.    Pullen is a member of the California State Bar and a resident of Santa Barbara County.

8.    Drury Pullen is a California professional law corporation doing business in Santa Barbara County.  Pullen is an owner of Drury Pullen, and her acts are binding on Drury Pullen.

## FACTUAL ALLEGATIONS

9.     Debtor and Donley were married in 1995.  They were divorced on November 21, 2012 with the entry of a Judgment of Dissolution on the same date in Case No. 1381168, styled, *In re Marriage of O'Donnell*, in the Santa Barbara Superior Court ("state court").

10.     Since the divorce, Debtor and Donley have been engaged in almost constant litigation in state court over various issues.  In March 2014, Debtor filed a Request for Order seeking a downward modification of his $25,500 in child and spousal support ("RFO").  In May 2014, Donley countered by filing an Order to Show Cause re Contempt ("OSC") alleging that Debtor was delinquent in spousal support.  A hearing on both matters was set for a date in October 2014.  Pullen is Donley's counsel of record in the state court litigation.

11.     As noted, on August 20, 2014, Debtor filed his Chapter 7 petition in this Court.  Pursuant to 11 U.S.C. § 362, the automatic stay of any pending or future litigation by creditors in state court to collect debts from the Debtor or his estate immediately went into effect by operation of law.  Pullen and Donley were aware of Debtor's Chapter 7 filing and the issuance of the automatic stay.

12.     The automatic stay functions as an injunction to hold in abeyance pending actions and to prohibit new debt collection actions unless the Bankruptcy Court grants relief from the automatic stay.  This automatic stay broadly covers "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ."  11 U.S.C. § 362 (a) (3).  The automatic stay under 11 U.S.C. § 362(a) should be broadly construed in favor of the Debtor and exceptions thereto should be applied narrowly.

13.     Any proceedings in violation of the automatic stay are void.

14.     Property of the debtor's estate is expansively defined to encompass virtually all property rights and interests of any kind that the debtor had at the time that the bankruptcy case was commenced.

15.    The automatic stay prohibits state court proceedings against a debtor seeking to collect a domestic support obligation from the debtor's estate. Thus, the automatic stay bars contempt proceedings that seek to compel the expenditure of money from a bankrupt's estate.

16.    Despite the automatic stay, Pullen announced that she would nevertheless proceed with the OSC. Debtor's counsel, Peter T. Steinberg, sent Pullen letters notifying her of Debtor's Chapter 7 case, the automatic stay, and the fact that she would be violating the automatic stay and would be subject to sanctions if she proceeded with the OSC.

17.    Pullen finally relented and entered into a stipulation with Debtor' counsel in both the state court and this Court by which the automatic stay would be lifted solely for the limited purpose of allowing the RFO and OSC to proceed in state court, but only to the extent of "claims from any non-bankruptcy estate assets." *See* Notice of Motion (For Relief From Stay) For Order Without Hearing, at p. 8, Paragraph 1; at p. 14, Paragraph 1 (attached as Exhibit "A").

18.    On October 9, 2014, the Bankruptcy Court then entered an order lifting the stay but expressly stated that enforcement of any judgment in the state court was restricted to [p]roceedings against the Debtor as to property or earnings that *are not property of the bankruptcy estate*." Order, at p. 2 (emphasis added) (attached as Exhibit "B").

19.    In late December 2014, Debtor's employer Greenberg Glusker awarded to Debtor's benefit, a one time, discretionary bonus of $2,600,000. Pursuant to a settlement agreement with his Chapter 7 Trustee, Pierce was required to have Greenberg Glusker pay directly to the Trustee the sum of $2,115,000. This money was paid and is being held in the Trustee's account pending future distributions to be determined by the Bankruptcy Court. Debtor never received these funds.

20.    Having relinquished his bonus, he has no control over the money.

21.    These funds are an asset of the Debtor's bankruptcy estate which will pay the state and federal taxes on the money, and the balance will eventually be distributed to creditors. This bankruptcy estate asset is protected against any creditor collection action

(including a contempt action in state court) by virtue of the automatic stay—the very purpose of this injunction.

22.    On December 29, 2014, the state court entered an order granting Debtor's motion to reduce child and spousal support and obligating Debtor to pay to Donley 27% of any gross bonus in child and spousal support ("December 29 Order"). The order as to the bonus payment was not retroactive and is on appeal.

23.    On January 28, 2015, Donley made a filing in this Bankruptcy Court, which is significant for two reasons.  First, she told the Bankruptcy Court that she did not oppose the Trustee's settlement with Debtor.  She raised no objections to the Bankruptcy Court deciding whether she was entitled to any of the bonus money, the amount of the settlement, or Pierce's alleged failure to inform her in advance of the settlement.  The Bankruptcy Court approved the settlement.

24.    Second, relying in part on the December 29 Order, Donley asserted in the Bankruptcy Court her priority claim for $909,256 of the $2,115,000 of the money held in the Trustee's account, claiming that the money was an unpaid "domestic support obligation" that was entitled to priority pursuant to 11 U.S.C § 507 (a)(1)(A) or (a)(1)(B). Her claim is comprised of two amounts: (a) $571,050 representing 27% of the $2,115,000 in the Trustee's account and (b) an additional $317,606 for attorneys' fees under the Judgment.

25.    By filing her claim, Donley submitted to the jurisdiction of the Bankruptcy Court to determine exclusively whether this money constituted a domestic support obligation that was due and owing at the time of the Chapter 7 petition and, if so, whether it has a priority over other priority claims of the Internal Revenue Service and Franchise Tax Board.

26.    Debtor filed several objections to Donley's claim, Donley filed an opposition, and Debtor filed a reply.  These multiple pleadings focus on a singular issue: is Donley entitled to this money under the December 29 Order?  Only this Bankruptcy Court has the jurisdiction to decide this issue.

27.    Finding that December 29 Order, which Pierce has appealed, is not a final, non-appealable order for collateral estoppel purposes in the bankruptcy proceeding, the Bankruptcy Court has deferred a ruling pending the outcome of Pierce's appeal. Apparently dissatisfied with her attempt to obtain priority for payment in the Bankruptcy Court, Donley has gone to state court to get the same relief.

28.    Without seeking an order from the Bankruptcy Court lifting the automatic stay, Pullen, on behalf of Donley, filed an Order to Show Cause and Affidavit for Contempt ("OSC") alleging in Count 2 that Debtor violated the December 29 Order by not paying Donley pay 27% of his discretionary bonus for child and spousal support in the amount of $571,050. This is the same $571,050 that Donley has claimed as an owing pre-petition domestic priority in the Bankruptcy Court. A copy of the OSC, filed on May 27, 2015, is attached as Exhibit "C" and incorporated by this reference.

29.    The OSC is a blatant violation of the automatic stay because it uses a contempt action to compel expenditure of money (namely, the $571,050) from Debtor's bankruptcy estate. Such contempt proceedings are not exempt from the automatic stay.

30.    Pullen and Donley were fully aware that the $571,050 is an asset of the bankruptcy estate and therefore protected by the automatic stay against a collection action by means of the OSC. Indeed, in her filing in which she did not oppose the Trustee' settlement with Debtor, Donley acknowledged that the money paid to the Trustee was an asset of Debtor's bankruptcy estate.

31.    Before initiating the OSC, Pullen and Donley were required to obtain an order from the Bankruptcy Court lifting the automatic stay expressly for the purpose of pursuing a contempt action in state court to collect the $571,050. Only the Bankruptcy Court can decide the issue of whether Donley is entitled to this asset of the bankruptcy estate. This is quintessentially a question of federal law exclusively reserved to the Honorable Bankruptcy Court herein. A state court has no jurisdiction whatsoever over this issue. That is the reason for the automatic stay, which Pullen and Donley flagrantly violated by initiating the OSC.

DEBTOR'S COMPLAINT FOR AN
ADJUDICATION OF CONTEMPT, INJUNCTION,
DAMAGES, AND ATTORNEYS' FEES

32.    On July 21, 2015, Debtor's counsel emailed a letter to Pullen demanding that she immediately dismiss with prejudice Count 2 of the OSC. In a letter to Debtor's counsel, dated July 24, 2015, Pullen refused to withdraw Count 2.

33.    In light of Defendants' refusal to dismiss Count 2, Debtor, through his state court counsel, has been forced to file a Demurrer and Motion To Strike to protect Debtor and the bankruptcy estate from the unlawful OSC.

34.    A contempt proceeding against Debtor carries serious consequences. A conviction on Count 2 renders him subject to imprisonment for five days. The OSC is a criminal proceeding, a conviction is a misdemeanor, and the California State Bar can open a disciplinary proceeding leading to suspension or disbarment. The OSC here has caused, and continues to cause, Debtor significant emotional distress, stress, and anxiety —not to mention requiring him to incur substantial legal fees and costs and diverting time from his law practice. The circumstances surrounding the automatic stay violation herein make it a proximate cause that a reasonable person would suffer significant emotional harm.

35.    Pursuant to 11 U.S.C. § 362 (k), Pullen and Donley are subject to the imposition of severe sanctions for their willful violation of the automatic stay, including compensatory damages, attorneys' fees, and costs incurred in defense of the OSC in state court and in prosecuting this action in Bankruptcy Court. Pullen and Donley are also liable for punitive damages in light of the fact that they are proceeding with the OSC in bad faith after being warned that their actions violate the automatic stay.

36.    While Debtor cannot be subjected to contempt proceedings in state court for not paying estate property to Donley, the same is not true for Donley and Pullen. The automatic stay has the same effect as a court-ordered injunction. Therefore, once Defendants admittedly had actual notice of the stay, their willful violation of the stay's provisions by initiating the state court contempt proceeding is a contempt of this court. Pursuant to 28 U.S.C. § 1481, 11 U.S.C. § 105 (a), and this Court's inherent powers, Defendants are liable for contempt of court for their knowing, willful violation of the automatic stay and bad faith by virtue of intentionally filing the OSC and refusing to

dismiss the proceeding after being warned that their actions violate the automatic stay.

37.     This Court also has the authority to enjoin Defendants from further prosecution of the OSC in violation of the automatic stay.

38.     In addition, Defendants' actions are all the more egregious since Donley has a pending claim in this Bankruptcy Court for the same $571,050 that she also seeks to collect in the state court OSC.  Donley's initial choice of forum was correct when she endorsed the settlement agreement that created $2,115,000 for Debtor's bankruptcy estate and went to the Bankruptcy Court to claim the bonus money.  Apparently disgruntled that she did not quickly prevail in Bankruptcy Court, she duplicitously filed the OSC in state court to put pressure on Debtor to capitulate and drop his opposition to her claim in the Bankruptcy Court.

39.     Not only does proceeding with the OSC in state court violate the automatic stay and usurp exclusive federal jurisdiction over Donley's entitlement to any of the bonus, it allows her to engage in inequitable gamesmanship.  Donley should not be allowed to file her claim in Bankruptcy Court, and then when this Court defers action on her claim pending Debtor's appeal of the December 29, then race to state court (without dismissing her bankruptcy claim) wielding the cudgel of contempt charges.  Donley is not entitled to two bites of the judicial apple.

## COUNT 1

### (Stay Violation—Contempt)

40.     Paragraphs 1 through 39 are incorporated herein by reference.

41.     Defendants' intentional conduct was a willful violation of 11 U.S.C. § 362 (a).

42.     Accordingly, Debtor requests an Order adjudicating Pullen, Drury Pullen, and Donley guilty of civil contempt by violating the automatic stay and awarding Debtor compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. § 362 (k) and for contempt of court.

## COUNT 2

### (Stay Violation—Injunction)

43.    Paragraphs 1 through 39 are incorporated herein by reference.

44.    Defendants' intentional conduct in filing the OSC was a willful violation of 11 U.S.C. § 362 (a).

45.    Accordingly, Debtor requests an order enjoining and restraining Pullen, Drury Pullen, Donley, and anyone acting on their behalf or in concert with them from prosecuting or continuing to prosecute Court 2 of the OSC in state court and awarding Debtor compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. § 362 (k) and for contempt of court.

## COUNT 3

### (Attorneys' Fees)

46.    Paragraphs 1 through 39 are incorporated herein by reference.

47.    Debtor is entitled to attorneys' fees and costs pursuant to 11 U.S.C. § 362 (k) and for contempt of court.

## PRAYER FOR RELIEF

**WHEREFORE**, Debtor respectfully requests that the Court

1.    Issue an order finding Pullen, Drury Pullen and Donley in contempt of court for filing and perpetuating the OSC in state court.

2.    Issue an order enjoining and restraining Pullen, Drury Pullen, Donley and anyone acting on their behalf or in concert with them from prosecuting or continuing to prosecute Court 2 of the OSC in state court

3.    Issue an order awarding Debtor compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. § 362 (k) and for contempt of court.

4.    Issue an order awarding Debtor attorneys' fees pursuant to 11 U.S.C. § 362 (k) and for contempt of court.

/ / /

/ / /

1

2        5.      Issue an order imposing an appropriate fine on Defendants for their willful

3   violation of the automatic stay and refusal to dismiss Court 2 of the OSC re Contempt.

4        6.      Grant such further relief that the Court deems fair, just, and equitable.

5   DATED: July 29, 2015                    STEINBERG, NUTTER & BRENT,
                                            Law. Corp.
6

7                                           By: _____
8                                              PETER T. STEINBERG (SBN 96834)
                                               Attorney for Debtor
9                                              PIERCE H. O'DONNELL

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                DEBTOR'S COMPLAINT FOR AN
                                        ADJUDICATION OF CONTEMPT, INJUNCTION,
                                            DAMAGES, AND ATTORNEYS' FEES

# EXHIBIT "A"

1  PETER T. STEINBERG, ESQ. - SBN 96834
  STEINBERG, NUTTER & BRENT
2  LAW CORPORATION
  23801 CALABASAS ROAD, SUITE 2031
3  CALABASAS, CALIFORNIA 91302
  TELEPHONE (818) 876-8535; (310) 451-9714
4  FACSIMILE (818) 876-8536; (310) 451-0929
  EMAIL: mr.aloha@sbcglobal.net

(SPACE BELOW FOR FILING STAMP ONLY)

7  *Attorneys for:* Debtor, PIERCE O'DONNELL, an Individual

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

12  In re

  PIERCE O'DONNELL, an Individual,

    Debtor.

  ) Case No. 2:14-bk-26032-ER
  ) Chapter 7
  )
  ) **MOTION (BY STIPULATION) FOR RELIEF**
  ) **FROM AUTOMATIC STAY RE FAMILY LAW**
  ) **PROCEEDING; DECLARATION OF PETER T.**
  ) **STEINBERG, ESQ.**
  )
  )
  ) [NO HEARING REQUESTED]

18  TO: THE HONORABLE UNITED STATES BANKRUPTCY COURT, JUDGE ERNEST

19  ROBLES PRESIDING; DEBTOR'S CHAPTER 7 TRUSTEE; AND ANY INTERESTED PERSON

20  OR PARTY:

21    Debtor Pierce H. O'Donnell ("Debtor") and his ex-wife, Dawn D. O'Donnell ("Dawn") have

22  stipulated to Relief From Automatic Stay, based upon the following:

23  \\\

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

---

1

**MOTION (BY STIPULATION) FOR RELIEF FROM AUTOMATIC STAY RE FAMILY LAW PROCEEDING**

3

## I.

### DEBTOR AND DAWN ARE INVOLVED IN A FAMILY LAW PROCEEDING, AND DEBTOR AND DAWN HAVE AGREED TO RELIEF FROM AUTOMATIC STAY THEREIN

Debtor and Dawn "pre-petition" were (and still are) litigants in their Dissolution of Marriage proceeding filed in the Superior Court of the State of California for the County of Santa Barbara - Anacapa Division, Case No. 1381168. Presently, there is an Order To Show Cause Re Contempt, and a support modification proceeding pending in the action, set for September 16, 2014. The parties have agreed to continue the hearing until on or after October 14, 2014, as set forth in two Stipulations executed by the parties and incorporated herein by reference as Exhibits "1" and "2" (Exhibit "1" is a Stipulation for the Family Court, and Exhibit "2" for the Honorable Bankruptcy Court herein).

The matters to be litigated in Family Court involve Family Court issues, and do not affect Debtor's Chapter 7 Estate. Further, any judgments entered are in all likelihood non-dischargeable in nature pursuant to 11 U.S.C. § 523(15).

## II.

### CONCLUSION

Based upon the foregoing, including but not limited to the Stipulations entered into by the Debtor and his ex-wife Dawn, the Honorable Court should enter an appropriate order lifting the stay regarding the family law matter between Debtor and Dawn.

Assuming no opposition (none is expected), Debtor's counsel will hereinafter lodge a declaration per Local Bankruptcy Rule 9013 attesting to no opposition (after 17 days) with the relief from stay order.

DATED: SEPTEMBER _15_, 2014            STEINBERG, NUTTER & BRENT
LAW CORPORATION

By: PETER T. STEINBERG,
Attorney for Debtor,
Pierce H. O'Donnell

2

MOTION (BY STIPULATION) FOR RELIEF FROM AUTOMATIC STAY RE FAMILY LAW PROCEEDING

4

## DECLARATION OF PETER T. STEINBERG

I, Peter T. Steinberg, declare as follows:

1.     I am an attorney in good standing licensed to practice before all courts in the State of California and this Honorable United States Bankruptcy Court. Our firm (Steinberg, Nutter & Brent, Law Corporation) is counsel for Debtor Pierce H. O'Donnell in his within Chapter 7 proceeding, and Mr. O'Donnell has requested I file the Motion herein. The hereinafter stated facts are of my own personal knowledge, unless stated upon information and belief, which I am informed is true and correct. If called as a witness, I could and would testify to the truth of the hereinafter facts.

2.     Debtor and his ex-wife are litigants in their Dissolution of Marriage proceeding filed in the Santa Barbara County Superior Court, Case No. 1381168. Debtor and his ex-wife Dawn O'Donnell desire to proceed to resolve matters therein, and have stipulated to relief from automatic stay to allow the same. (Please see Exhibits "1" and "2" attached hereto).

3.     On behalf of Debtor, I respectfully request that relief from automatic stay be granted pursuant to the procedures elucidated by Local Bankruptcy Rule 9013, et seq.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this _15th_ day of September, 2014, at Calabasas, California.

_____
PETER T. STEINBERG,
Attorney for Debtor, Pierce H. O'Donnell

[F:\Docs\CLIENTS\O\O'Donnell\MFRFS re family law.wpd]

3

MOTION (BY STIPULATION) FOR RELIEF FROM AUTOMATIC STAY RE FAMILY LAW PROCEEDING

5

# EXHIBIT "1"

1 | Susanna V. Pullen, CFLS, SBN 188194
2 | **DRURY PULLEN, A Professional Law Corporation**
    The Pueblo Building
3 | 148 East Carrillo Street
    Santa Barbara, California 93101
4 | Telephone: (805) 879-7523
    Facsimile: (805) 966-0506

6 | Attorneys for Respondent, DAWN DONLEY O'DONNELL

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **FOR THE COUNTY OF SANTA BARBARA**

9 | **ANACAPA DIVISION**

IN RE: MARRIAGE OF:

PIERCE H. O'DONNELL

        Petitioner,

and

DAWN DONLEY O'DONNELL

        Respondent.

CASE NO. 1381168

**STIPULATION AND ORDER RE (1)
LIFTING AUTOMATIC BANKRUPTCY
STAY AND (2) CONTINUING TRIAL
CALL ON THE ORDER TO SHOW
CAUSE RE CONTEMPT AND
REQUEST FOR ORDERS RE
MODIFYING CHILD AND SPOUSAL
SUPPORT, AND (3) NOTICE
REGARDING ANY BONUS RECEIVED
BY PETITIONER**

Old Date:   09-16-14
**New Date:   10-14-14**
Time:       11:30 a.m.
Dept.:      3

*(Honorable Thomas P. Anderle)*

     WHEREAS the Court has scheduled a trial call on the Order to Show Cause Re Contempt ("OSC") for September 16, 2014 and Petitioner's Request for Orders Re Modifying Child and Spousal Support ("RFO") is scheduled to trail for hearing after completion of the OSC;

     WHEREAS Petitioner filed for Chapter 7 bankruptcy on August 20, 2014 and the Court has been given notice of the filing;

**STIPULATION AND ORDER FOR CONTINUANCE - 1**

7

1      WHEREAS Petitioner and Respondent disagree whether the automatic stay bars any proceedings

2  on the OSC and RFO until the stay is lifted by the U.S. Bankruptcy Court;

3      WHEREAS the parties desire to avoid any further litigation over the automatic stay;

4      WHEREAS Petitioner is representing himself *in pro per* and desires to seek counsel;

5

6      **BE AND IT IS HEREBY STIPULATED** by and between the parties hereto that the following

7  order shall be entered:

8      1. On the condition that the Court sets the trial call on October 14, 2014 or thereafter as set forth in

9         Paragraph 3 below, the parties agree that the automatic stay shall be lifted as to all matters in the

10        dissolution action, including both the OSC and RFO, and to take any action (including the

11        contempt motion) to collect both support and property division claims from any non-bankruptcy

12        estate assets.

13     2. Petitioner agrees to notify the bankruptcy court of this stipulation and file an identical stipulation

14        in the bankruptcy court.

15     3. The trial call scheduled on September 16, 2014 for the trial of Respondent's Order To Show

16        Cause Re Contempt is continued to October 14, 2014, 11:30 a.m., Department 3, or as soon

17        thereafter as the Court is available.

18     4. Once the OSC Re Contempt is completed, the Court will immediately schedule for hearing

19        Petitioner's RFO at its first available date.

20     5. If Petitioner receives a bonus from his employment or income from any source outside of

21        employment he will immediately notify Respondent's counsel within 24 hours and such funds

22        will be placed in a blocked account subject to resolution of this proceeding.

23  **SO STIPULATED:**

24                                          SEE ATTACHED SIGNATURE

25  Dated: September __, 2014

26                                          PIERCE O'DONNELL
                                            Petitioner *In Pro Per*
27

28

STIPULATION AND ORDER FOR CONTINUANCE - 2                          8

SEE ATTACHED SIGNATURE

1
2   Dated: September __, 2014

3                                          DAWN O'DONNELL
                                           Respondent
4

5   **APPROVED AS TO FORM:**

6                                          DRURY PULLEN,
                                           A Professional Corporation
7

8

9   Dated: September 12, 2014              By: _____

10                                         SUSANNA V. PULLEN
                                           Attorneys for Respondent
11

12  **IT IS SO ORDERED:**

13  Dated: September __, 2014

14                                         THOMAS P. ANDERLE
                                           Judge of the Superior Court
15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND ORDER FOR CONTINUANCE - 3

09/15/2014   13:14 51                              (FAX)                    P.002/002

1       WHEREAS Petitioner and Respondent disagree whether the automatic stay bars any proceedings

2   on the OSC and RFO until the stay is lifted by the U.S. Bankruptcy Court;

3       WHEREAS the parties desire to avoid any further litigation over the automatic stay;

4       WHEREAS Petitioner is representing himself *in pro per* and desires to seek counsel;

5

6       BE AND IT IS HEREBY STIPULATED by and between the parties hereto that the following

7   order shall be entered:

8     1.  On the condition that the Court sets the trial call on October 14, 2014 or thereafter as set forth in

9       Paragraph 3 below, the parties agree that the automatic stay shall be lifted as to all matters in the

10      dissolution action, including both the OSC and RFO, and to take any action (including the

11      contempt motion) to collect both support and property division claims from any non-bankruptcy

12      estate assets.

13    2.  Petitioner agrees to notify the bankruptcy court of this stipulation and file an identical stipulation

14      in the bankruptcy court.

15    3.  The trial call scheduled on September 16, 2014 for the trial of Respondent's Order To Show

16      Cause Re Contempt is continued to October 14, 2014, 11:30 a.m., Department 3, or as soon

17      thereafter as the Court is available.

18    4.  Once the OSC Re Contempt is completed, the Court will immediately schedule for hearing

19      Petitioner's RFO at its first available date.

20    5.  If Petitioner receives a bonus from his employment or income from any source outside of

21      employment he will immediately notify Respondent's counsel within 24 hours and such funds

22      will be placed in a blocked account subject to resolution of this proceeding.

23  SO STIPULATED:

24

25  Dated: September 11 2014

26                                PIERCE O'DONNELL
                              Petitioner *In Pro Per*

27

28

STIPULATION AND ORDER FOR CONTINUANCE - 2

10

1

Dated: September 15, 2014

2                                                    _____
3                                                    DAWN O'DONNELL
                                                     Respondent
4

5    APPROVED AS TO FORM:

6                                                    DRURY PULLEN,
7                                                    A Professional Corporation

8

9    Dated: September __, 2014                       By: _____
10                                                       SUSANNA V. PULLEN
                                                         Attorneys for Respondent
11

12   IT IS SO ORDERED:

13   Dated: September __, 2014                       _____
14                                                   THOMAS P. ANDERLE
                                                     Judge of the Superior Court
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION AND ORDER FOR CONTINUANCE - 3**

# EXHIBIT "2"

12

1  PETER T. STEINBERG, ESQ. - SBN 96834
   STEINBERG, NUTTER & BRENT
2  LAW CORPORATION
   23801 CALABASAS ROAD, SUITE 2031
3  CALABASAS, CALIFORNIA 91302
   TELEPHONE (818) 876-8535; (310) 451-9714
4  FACSIMILE (818) 876-8536; (310) 451-0929
   EMAIL: mr.aloha@sbcglobal.net
5

6

7  *Attorneys for:* Debtor, PIERCE O'DONNELL, an Individual

(SPACE BELOW FOR FILING STAMP ONLY)

8           UNITED STATES BANKRUPTCY COURT
9
            CENTRAL DISTRICT OF CALIFORNIA
10
              LOS ANGELES DIVISION
11

12  In re                            )  Case No. 2:14-bk-26032-ER
                                     )  Chapter 7
13  PIERCE O'DONNELL, an Individual, )
                                     )  **STIPULATION LIFTING AUTOMATIC**
14          Debtor.                  )  **BANKRUPTCY STAY**
                                     )
15                                   )
                                     )  [NO HEARING REQUESTED]
16  ─────────────────────────────── )

17        WHEREAS in the family law proceeding between the Debtor and his ex-wife Dawn Donly

18  O'Donnell, the Court has scheduled a trial call on the Order To Show Cause Re Contempt ("OSC")

19  for September 16, 2014 and Petitioner's Request for Orders Re Modifying Child and Spousal Support

20  ("RFO") is scheduled to trial for hearing after completion of the OSC;

21        WHEREAS Petitioner filed for Chapter 7 bankruptcy on August 20, 2014 and the Court has

22  been given notice of the filing;

23        WHEREAS Petitioner and Respondent disagree whether the automatic stay bars any

24  proceedings on the OSC and RFO until the stay is lifted by the U.S. Bankruptcy Court;

25        WHEREAS the parties desire to avoid any further litigation over the automatic stay;

26        WHEREAS Petitioner is representing himself in the Family Court proceeding *in pro per* and

27  desires to seek counsel.

28  \\\

───────────────────────────────────────────────
                            1
          STIPULATION LIFTING AUTOMATIC BANKRUPTCY STAY

13

BE AND IT IS HEREBY STIPULATED by and between the parties hereto that the following order shall be entered;

1. On the condition that the Court sets the trial call on October 14, 2014 or thereafter as set forth in Paragraph 3 below, the parties agree that the automatic stay shall be lifted as to all matters in the dissolution action, including both the OSC and RFO, and to take any action (including the contempt motion) to collect both support and property division claims from any non-bankruptcy estate assets.

2. The trial call scheduled on September 16, 2014 for the trial of Respondent's Order To Show Case Re Contempt is continued to October 14, 2014, 11:30 a.m., Department 3, or as soon thereafter as the Family Court is available.

3. Once the OSC Re Contempt is completed, the Family Court will immediately schedule for hearing Petitioner's RFO at its first available date.

4. If Petitioner receives a bonus from his employment or income from any source outside of employment, he will immediately notify Respondent's counsel within 24 hours and such funds will be placed in a blocked account subject to resolution of this proceeding.

SO STIPULATED.

Dated: September 25, 2014

_____
PIERCE H. O'DONNELL,
Petitioner *In Pro Per*

Dated: September _____, 2014

/s/ _____
DAWN O'DONNELL,
Respondent

\\\
\\\
\\\
\\\
\\\

2
STIPULATION LIFTING AUTOMATIC BANKRUPTCY STAY

14

BE AND IT IS HEREBY STIPULATED by and between the parties hereto that the following order shall be entered;

1.  On the condition that the Court sets the trial call on October 14, 2014 or thereafter as set forth in Paragraph 3 below, the parties agree that the automatic stay shall be lifted as to all matters in the dissolution action, including both the OSC and RFO, and to take any action (including the contempt motion) to collect both support and property division claims from any non-bankruptcy estate assets.

2.  The trial call scheduled on September 16, 2014 for the trial of Respondent's Order To Show Case Re Contempt is continued to October 14, 2014, 11:30 a.m., Department 3, or as soon thereafter as the Family Court is available.

3.  Once the OSC Re Contempt is completed, the Family Court will immediately schedule for hearing Petitioner's RFO at its first available date.

4.  If Petitioner receives a bonus from his employment or income from any source outside of employment, he will immediately notify Respondent's counsel within 24 hours and such funds will be placed in a blocked account subject to resolution of this proceeding.

SO STIPULATED.

Dated: September _____, 2014

_____
PIERCE H. O'DONNELL,
Petitioner *In Pro Per*

Dated: September 15, 2014

_____
DAWN O'DONNELL,
Respondent

\\\
\\\
\\\
\\\
\\\

2
STIPULATION LIFTING AUTOMATIC BANKRUPTCY STAY

15

1   APPROVED AS TO FORM:

2

3   DATED: SEPTEMBER _____15_____, 2014

4

5

6

7

8   DATED: SEPTEMBER _____15_____, 2014

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   [F:\Docs\CLIENTS\O\O'Donnell\stip lifting stay re family law.wpd]

26

27

28

DRURY PULLEN,
A PROFESSIONAL CORPORATION

By: SUSANNA V. PULLEN,
Attorneys for Respondent,
Dawn O'Donnell

STEINBERG, NUTTER & BRENT
LAW CORPORATION

By: PETER T. STEINBERG,
Attorneys for Debtor,
Pierce H. O'Donnell

3

STIPULATION LIFTING AUTOMATIC BANKRUPTCY STAY

16 1

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Steinberg, Nutter & Brent, Law Corporation, 23801 Calabasas Road, Suite 2031, Calabasas, CA 91302**

A true and correct copy of the foregoing document entitled (specify): ___ **NOTICE OF MOTION FOR ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o) [re MOTION (BY STIPULATION) FOR RELIEF FROM AUTOMATIC STAY RE FAMILY LAW PROCEEDING; DECLARATION OF PETER T. STEINBERG, ESQ.]** ___ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ___ **9/16/14** ___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Brad D Krasnoff (TR)    joyce.mcdaniel@lewisbrisbois.com, bkrasnoff@ecf.epiqsystems.com
Bennett L Spiegel    blspiegel@jonesday.com
Peter T Steinberg    mr.aloha@sbcglobal.net
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On ___ **9/16/14** ___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Chapter 7 Trustee**
Brad D. Krasnoff
221 N. Figueroa Street
Suite 1200
Los Angeles, CA 90012-2663

**Attorneys for Dawn O'Donnell**
Susanna V. Pullen, Esq.
Drury Pullen, A Professional Law Corp.
148 E. Carrillo Street
Santa Barbara, CA 93101-2111

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___ **9/16/14** ___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Judge**
The Honorable Ernest M. Robles
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/16/14 | Marisela Becerra | /s/ Marisela Becerra |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                      25                    **F 9013-3.1.PROOF.SERVICE**

**Additional Service Information**

<u>Creditors</u>
Bank Of America
PO Box 982235
El Paso, TX 79998-2235

Brooks Brothers
PO Box 965004
Orlando, FL 32896-5004

California Club
538 South Flower Street
Los Angeles, CA 90071-2548

Citi Cards
Box 6500
Sioux Falls, SD 57117-6500

Dan And Debby Kass
1187 Coast Village Road, 1-111
Santa Barbara, CA 93108-2737

David Hartson
8209A Foothill Blvd., #267
Sunland, CA 91040-2840

David Hayden
3510 Palo Vista Drive
Rancho Palos Verdes, CA 90275-6157

David S. Eisen
Wilson Elser Moskowitz Edelman & Di
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407

David Swan
Gursey Schneider LLP
1888 Century Park East, Suite 900
Los Angeles, CA 90067-1735

Dawn O'Donnell
601 Calle Palo Colorado
Santa Barbara, CA 93105-2751

Drury Pullen, Esq.
148 E. Carrillo Street
Santa Barbara, CA 93101-2111

East West Bank
PO Box 60020
City Of Industry, CA 91716-0020

Ellen A. Pansky
Pansky Markle Ham LLP
1010 Sycamore Avenue, Unit 308
South Pasadena, CA 91030-6139

Franchise Tax Board
Attn: Dennis Dahlback
PO Box 942867
Sacramento, CA 94267-0008

Franchise Tax Board
Attn: Michelle Reyes
PO Box 942840
Sacramento, CA 94240-0040

Franchise Tax Board
Bankruptcy Section, MS: A-340
PO Box 2952
Sacramento, CA 95812-2952

Frederick D. Friedman
Jones Day
555 South Flower Street, 50th Floor
Los Angeles, CA 90071-2452

Frederick Montgomery
Fell Marking Abkin Montgomery
222 East Carrillo Street, Suite 400
Santa Barbara, CA 93101-7197

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
2525 Capitol Street
Fresno, CA 93721-2227

Kamax Holdings, LLC
C/O Glen Lerner, Esq.
4795 S. Durango Avenue
Las Vegas, NV 89147-8144

Laguna Blanca School
4125 Paloma Drive
Santa Barbara, CA 93110-2146

Michael J. Proctor
Caldwell Leslie & Proctor, PC
725 South Figueroa Street, 31st Flo
Los Angeles, CA 90017-5524

Mike Sitrick
Sitrick & Co.
1840 Century Park East
Los Angeles, CA 90067-2109

Peter Bezek And Thomas Foley
Foley Bezek Behle & Curtis LLP
15 West Carrillo Street
Santa Barbara, CA 93101-8215

Peter M. Weil
Glaser Weil
10250 Constellation Blvd., 19th Flo
Los Angeles, CA 90067-6200

Phil London, CPA
London & Co., LLP
2800 Olympic Boulevard, 2nd Floor
Santa Monica, CA 90404-4101

Robert E. Lighthizer, Esq.
Skadden Arps Slate Meagher & Flom
L
1440 New York Avenue, N.W.
Washington, DC 20005-2111

Slate From Chase
PO Box 15298
Wilmington, DE 19850-5298

Stacey D. Phillips
Phillips Lerner & Lauzon, LLP
2029 Century Park East, Suite 1200
Los Angeles, CA 90067-2913

Steve Smith
Greenberg, Glusker, Fields, Claman
1900 Avenue Of The Stars, 21st Fl.
Los Angeles, CA 90067-4301

United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017-3560

Wells Fargo Dealer Services
PO Box 25341
Santa Ana, CA 92799-5341

White & Case, LLP
701 13th Street, NW #600
Washington, DC 20005-3911

William Daugherty
WMD Capital Markets, LLC
559 San Ysidro Road, Suite 1
Santa Barbara, CA 93108-2101

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT "B"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Peter T. Steinberg, Esq., SBN 96834<br>Steinberg, Nutter & Brent, Law Corporation<br>23801 Calabasas Road, Suite 2031<br>Calabasas, California 91302<br>Telephone (818) 876-8535/(310) 451-9714<br>Facsimile (818) 876-8536/(310) 451-0929<br>Email: mr.aloha@sbcglobal.net | **FILED & ENTERED**<br><br>**OCT 09 2014**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY gonzalez DEPUTY CLERK |

☐ *Movant appearing without an attorney*
☒ *Attorney for Movant* Debtor, Pierce H. O'Donnell

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>Pierce H. O'Donnell, | CASE NO.: 2:14-bk-26032-ER |
|---|---|
| | CHAPTER: 7 |
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)** |
| | DATE: [NONE – STIP. TO RELIEF]<br>TIME:<br>COURTROOM: "1568"<br>PLACE: 255 E. Temple Street<br>Los Angeles, California 90012 |
| Debtor(s). | |
| **MOVANT:** Debtor, Pierce H. O'Donnell | |

1. The Motion was:   ☐ Opposed   ☐ Unopposed   ☒ Settled by stipulation (D.E. 9)

2. The Motion affects the following Nonbankruptcy Action:

Name of Nonbankruptcy Action: In re: Marriage of: Pierce H. O'Donnell, Petitioner, and Dawn Donley O'Donnell,
Respondent

Docket number: Case No. 1381108

Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:

Superior Court Of The State Of California, For The County Of Santa Barbara, Anacapa Division

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Dawn Donley O'Donnell (Respondent in Family Court matter), her successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:** Dawn Donley O'Donnell and Debtor may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Dawn Donley O'Donnell is permitted to enforce any final judgment only by (specify all that apply):

   a. ☐ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b. ☒ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☒ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☐ Other (specify):

###

Date: October 9, 2014

Ernest M. Robles
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 2                        F 4001-1.RFS.NONBK.ORDER
29

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Peter T. Steinberg, Esq., SBN 96834<br>Steinberg, Nutter & Brent, Law Corporation<br>23801 Calabasas Road, Suite 2031<br>Calabasas, California  91302<br>Tel  (818) 876-8535/(310) 451-9714<br>Fax (818) 876-8536/(310) 451-0929<br>Email: mr.aloha@sbcglobal.net | FOR COURT USE ONLY |

☐ Debtor(s) appearing without an attorney
☒ Attorney for: Debtor, Pierce H. O'Donnell

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>Pierce H. O'Donnell, | CASE NO.: 2:14-bk-26032-ER |
|---|---|
| | CHAPTER: 7 |
| | **NOTICE OF MOTION FOR ORDER<br>WITHOUT HEARING<br>PURSUANT TO LBR 9013-1(o)** |
| Debtor(s). | [No hearing unless requested in writing] |

## TO THE U.S. TRUSTEE AND ALL PARTIES IN INTEREST.  PLEASE TAKE NOTICE THAT:

1. Movant(s) /Debtor, Pierce H. O'Donnell_____, has filed a motion entitled
   MOTION FOR RELIEF FROM AUTOMATIC STAY (BY STIPULATION) RE FAMILY LAW MATTER
   _____

2. Movant(s) is requesting that the court grant the motion without a hearing, as provided for in LBR 9013-1(o).

3. The motion is based upon the legal and factual grounds set forth in the motion and briefly described in the attached description of relief sought.  (Check appropriate box below):
   ☒ The full motion is attached hereto; or
   ☐ The full motion has been filed with the court, and a detailed description of the relief sought is attached hereto.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party objecting to the motion may request a hearing on the motion.  The deadline for filing and serving a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                           Page 1                     **F 9013-1.2.NO.HEARING.NOTICE**

additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F).  If you fail to comply with this deadline, the court may treat such failure as a waiver of your right to oppose the motion and may grant the motion without further hearing and notice.

Date: ___9/15/2014_____

Respectfully submitted,

_____
Signature of Movant or attorney for Movant

Peter T. Steinberg, Attorney for Movant
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 2                  F 9013-1.2.NO.HEARING.NOTICE

31

# EXHIBIT "C"

FL-410

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Susanna V. Pullen, CFLS, SBN 188194  **CLIENT COPY**<br>Drury Pullen, A Professional Law Corporation<br>148 East Carrillo Street<br>Santa Barbara, California 93101<br>TELEPHONE NO.: 805-879-7523    FAX NO.: 805-966-0506<br>ATTORNEY FOR (Name): Respondent, Dawn Donley O'Donnell | F I L E D<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br><br>MAY 2 7 2015<br><br>Darrel E. Parker, Executive Officer<br>BY _D. Avila_<br>Denyse Avila, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: P.O. Box 21107
CITY AND ZIP CODE: Santa Barbara, California 93121-1107
BRANCH NAME: Anacapa

PETITIONER/PLAINTIFF: Pierce H. O'Donnell

RESPONDENT/DEFENDANT: Dawn Donley O'Donnell

OTHER PARENT:

| ORDER TO SHOW CAUSE AND<br>AFFIDAVIT FOR CONTEMPT | CASE NUMBER:<br>1381168 |
|---|---|

| NOTICE! | ¡AVISO! |
|---|---|
| A contempt proceeding is criminal in nature. If the court finds you in contempt, the possible penalties include jail sentence, community service, and fine.<br><br>You are entitled to the services of an attorney, who should be consulted promptly in order to assist you. If you cannot afford an attorney, the court may appoint an attorney to represent you. | Un proceso judicial por desacato es de índole criminal. Si la corte le declara a usted en desacato, las sanciones posibles incluyen penas de prisión y servicio a la comunidad, y multas.<br><br>Usted tiene derecho a los servicios de un abogado, a quien debe consultar sin demora para obtener ayuda. Si no puede pagar a un abogado, la corte podrá nombrar a un abogado para que le represente. |

1. TO CITEE (name of person you allege has violated the orders): Pierce H. O'Donnell and his attorneys of record:

2. YOU ARE ORDERED TO APPEAR IN THIS COURT AS FOLLOWS, TO GIVE ANY LEGAL REASON WHY THIS COURT SHOULD NOT FIND YOU GUILTY OF CONTEMPT, PUNISH YOU FOR WILLFULLY DISOBEYING ITS ORDERS AS SET FORTH IN THE AFFIDAVIT BELOW AND ANY ATTACHED *AFFIDAVIT OF FACTS CONSTITUTING CONTEMPT*; AND REQUIRE YOU TO PAY, FOR THE BENEFIT OF THE MOVING PARTY, THE ATTORNEY FEES AND COSTS OF THIS PROCEEDING.

   a. Date: July 8, 2015    Time: 10:30 a.m.    Dept.: One (1)    Rm.:

   b. Address of court: [✓] same as noted above    [ ] other (specify):

Date:                                                       **JAMES E. HERMAN**

**MAY 2 6 2015**
                                                                    JUDICIAL OFFICER

**AFFIDAVIT SUPPORTING ORDER TO SHOW CAUSE FOR CONTEMPT**

3. [✓] An *Affidavit of Facts Constituting Contempt* (form FL-411 or FL-412) is attached.
4. Citee has willfully disobeyed certain orders of this court as set forth in this affidavit and any attached affidavits.
5. a. Citee had knowledge of the order in that
     (1) [✓] citee was present in court at the time the order was made.
     (2) [✓] citee was served with a copy of the order.
     (3) [ ] citee signed a stipulation upon which the order was based.
     (4) [ ] other (specify):

        [ ] Continued on Attachment 5a(4).
   b. Citee was able to comply with each order when it was disobeyed.
6. Based on the instances of disobedience described in this affidavit
   a. [ ] I have not previously filed a request with the court that the citee be held in contempt.
   b. [✓] I have previously filed a request with the court that the citee be held in contempt (specify date filed and results):
        May 14, 2014 an OSC Re Contempt for support arrears filed and Citee cured the contempt.
        August 30, 2012 an OSC Re Contempt for support arrears filed and Citee cured the contempt.
        [ ] Continued on Attachment 6b.

Form Adopted for Mandatory Use
Judicial Council of California
FL-410 [Rev. January 1, 2003]

**ORDER TO SHOW CAUSE AND AFFIDAVIT FOR CONTEMPT**

Family Code, § 292;
Code of Civil Procedure, §§ 1211.5, 2015.5
www.courtinfo.ca.gov

| | |
|---|---|
| PETITIONER/PLAINTIFF: Pierce H. O'Donnell | CASE NUMBER: |
| RESPONDENT/DEFENDANT: Dawn Donley O'Donnell | 1381168 |
| OTHER PARENT: | |

7. ☐ Citee has previously been found in contempt of a court order *(specify case, court, date):*

☐ Continued on Attachment 7.

8. ☑ Each order disobeyed and each instance of disobedience is described as follows:

   a. ☑ Orders for child support, spousal support, family support, attorney fees, and court or other litigation costs (see attached *Affidavit of Facts Constituting Contempt* (form FL-411))

   b. ☐ Domestic violence restraining orders and child custody and visitation orders (see attached *Affidavit of Facts Constituting Contempt* (form FL-412))

   c. ☐ Injunctive or other order *(specify which order was violated, how the order was violated, and when the order was violated):*

☐ Continued on Attachment 8c.

   d. ☑ Other material facts, including facts indicating that the violation of the orders was without justification or excuse *(specify):*

    See Attachment to Item 8d to OSC and Affidavit for Contempt

☑ Continued on Attachment 8d.

   e. ☑ I am requesting that attorney fees and costs be awarded to me for the costs of pursuing this contempt action. (A copy of my *Income and Expense Declaration* (form FL-150) is attached.)

---

**WARNING: IF YOU PURSUE THIS CONTEMPT ACTION, IT MAY AFFECT THE ABILITY OF THE DISTRICT ATTORNEY TO PROSECUTE THE CITEE CRIMINALLY FOR THE SAME VIOLATIONS.**

---

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 15, 2015

| Dawn Donley O'Donnell | *[signature]* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE) |

FL-410 [Rev. January 1, 2003]                                   Page 2 of 4

**ORDER TO SHOW CAUSE AND AFFIDAVIT FOR CONTEMPT**

FL-411

| PETITIONER/PLAINTIFF: Pierce H. O'Donnell | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: Dawn Donley O'Donnell | 1381168 |
| OTHER PARENT: | |

## AFFIDAVIT OF FACTS CONSTITUTING CONTEMPT
### Financial and Injunctive Orders
### Attachment to *Order to Show Cause and Affidavit for Contempt* (form FL-410)

1. a.  Orders for child support, spousal support, family support, attorney fees, and court and litigation costs *(separately itemize each default on installment payments):*

| DATE DUE | TYPE OF ORDER AND DATE FILED | PAYABLE TO | AMOUNT ORDERED | AMOUNT PAID | AMOUNT DUE |
|---|---|---|---|---|---|
| | See Executioner Reports attached hereto as Attachment 8d, Exhibits C and D incorporated herein by reference | | | | |

| | | | TOTAL AMOUNT ORDERED | TOTAL AMOUNT PAID | TOTAL AMOUNT DUE |
|---|---|---|---|---|---|
| [✓] Continued on Attachment 1a. | | | | | |
| Summary of contempt counts alleged (including all attachments): | | | | | |
| Child support: 2 counts failure to pay (12% bonus/advances) | | | $294,000 | 0 | $304,874 |
| Spousal support: 2 counts failure to pay (15% bonus/advances) | | | $367,500 | 0 | $381,092 |
| Family support: | | | | | |
| Attorney fees: 5 counts refusal to pay installments | | | $15,000 | 0 | $15,000 |
| Court and other costs: | | | | | |
| **Total** | | | **$676,500** | **$0** | **$700,966** |

b. [✓]  Other orders *(specify which order was violated, how the order was violated, and when the violation occurred):*
    Counts 1-7; See Attachment to Item 8d to OSC and Affidavit for Contempt.

[ ] Continued on Attachment 1b.

c. [✓]  Other material facts *(specify):*
    See Attachment to Item 8d to OSC and Affidavit for Contempt

[ ] Continued on Attachment 1c.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 21, 2015

Dawn Donley O'Donnell
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-411 [Rev. January 1, 2003]

**AFFIDAVIT OF FACTS CONSTITUTING CONTEMPT**
**Financial and Injunctive Orders**

Family Code, § 292;
Code of Civil Procedure,
§§ 1209, 1211, 1211.5, 2015.5
www.courtinfo.ca.gov

## INFORMATION SHEET FOR ORDER TO SHOW CAUSE
## AND AFFIDAVIT OF FACTS CONSTITUTING CONTEMPT

### (Do NOT deliver this Information Sheet to the court clerk.)

Please follow these instructions to complete the *Order to Show Cause and Affidavit for Contempt* (form FL-410) if you do not have an attorney to represent you. Your attorney, if you have one, should complete this form, as well as the *Affidavit of Facts Constituting Contempt* (form FL-411 or form FL-412). You may wish to consult an attorney for assistance. Contempt actions are very difficult to prove. An attorney may be appointed for the citee.

**INSTRUCTIONS FOR COMPLETING THE ORDER TO SHOW CAUSE AND AFFIDAVIT OF FACTS CONSTITUTING CONTEMPT (TYPE OR PRINT FORM IN INK):**

If the top section of the form has already been filled out, skip down to number 1 below. If the top section of the form is blank, you must provide this information.

**Front page, first box, top of form, left side:** Print your name, address, telephone number, and fax number, if any, in this box. If you have a restraining order and wish to keep your address confidential, you may use any address where you can receive mail. **You can be legally served court papers at this address.**

**Front page, second box, left side:** Print the name of the county where the court is located and insert the address and any branch name of the court building where you are seeking to obtain a contempt order. You may get this information from the court clerk. This should be the same court in which the original order was issued.

**Front page, third box, left side:** Print the names of the Petitioner, Respondent, and Other Parent (if any) in this box. Use the same names as appear on the most recent court order disobeyed.

**Front page, first box, top of form, right side:** Leave this box blank for the court's use.

**Front page, second box, right side:** Print the court case number in this box. This number is also shown on the most recent court order disobeyed.

**Item 1:** Insert the name of the party who disobeyed the order ("the citee").

**Item 2:** The court clerk will provide the hearing date and location.

**Item 3:** Either check the box in Item 3 and attach an *Affidavit of Facts Constituting Contempt* (form FL-411 for financial orders or form FL-412 for domestic violence, or custody and visitation orders), or leave the box in Item 3 blank but check and complete Item 8.

**Item 5:** Check the box that describes how the citee knew about the order that has been disobeyed.

**Item 6:** a. Check this box if you have not previously applied for a contempt order.

   b. Check this box if you have previously applied for a contempt order and briefly explain when you requested the order and results of your request. If you need more space, check the box that says "continued on Attachment 6b" and attach a separate sheet to this order to show cause.

**Item 7:** Check this box if the citee has previously been found in contempt by a court of law. Briefly explain when the citee was found in contempt and for what. If there is not enough space to write all the facts, check the box that says "continued on Attachment 7" and attach a separate sheet to this order to show cause.

**Item 8:** a. Check this box if the citee has disobeyed orders for child support, custody, visitation, spousal support, family support, attorney fees, and court or litigation costs. Refer to item 1a on *Affidavit of Facts Constituting Contempt* (form FL-411).

   b. Check this box if the citee has disobeyed domestic violence orders or child custody and visitation orders. Refer to *Affidavit of Facts Constituting Contempt* (form FL-412).

FL-410 [Rev. January 1, 2003]                **ORDER TO SHOW CAUSE AND AFFIDAVIT FOR CONTEMPT**

**Information Sheet** *(continued)*

Item 8: c.  If you are completing this item, use facts personally known to you or known to the best of your knowledge. State the facts in detail. If there is not enough space to write all the facts, check the box that says "continued on Attachment 8c" and attach a separate sheet to this order to show cause, including facts indicating that the violation of the orders was without justification or excuse.

d.  Use this item to write other facts that are important to this order. If you are completing this item, insert facts personally known to you, or known to the best of your knowledge. State facts in detail. If there is not enough space to write all the facts, check the box that says "Continued on Attachment 8d" and attach a separate sheet to the order to show cause.

e.  If you request attorney fees and/or costs for pursuing this contempt action, check this box. Attach a copy of your *Income and Expense Declaration* (form FL-150).

Type or print and sign your name at the bottom of page 2.

If you checked the boxes in item 3 and item 8a or 8b, complete the appropriate *Affidavit of Facts Constituting Contempt* (form FL-411), following the instructions for the affidavit above.

Make at least three copies of the *Order to Show Cause and Affidavit for Contempt* (form FL-410) and any supporting *Affidavit of Facts Constituting Contempt* (form FL-411 or FL-412) and the *Income and Expense Declaration* (form FL-150) for the court clerk, the citee, and yourself. If the district attorney or local child support agency is involved in your case, you must provide a copy to the district attorney or local child support agency.

Take the completed form(s) to the court clerk's office. The clerk will provide hearing date and location in item 2, obtain the judicial officer's signature, file the originals, and return the copies to you.

Have someone who is at least 18 years of age, who is not a party, serve the order and any attached papers on the disobedient party. For example, a process server or someone you know may serve the papers. **You may not serve the papers yourself. Service must be personal; service by mail is insufficient.** The papers must be served at least 21 calendar days before the court hearing. The person serving papers must complete a *Proof of Personal Service* (form FL-330) and give the original to you. Keep a copy for yourself and file the original *Proof of Personal Service* (form FL-330) with the court.

*If you need assistance with these forms, contact an attorney or the Family Law Facilitator in your county.*

FL-410 [Rev. January 1, 2003]                                                                                    Page 4 of 4

**ORDER TO SHOW CAUSE AND AFFIDAVIT FOR CONTEMPT**

Marriage of O'Donnell, Santa Barbara County Superior Court, Case Number 1381168

## ATTACHMENT 8d, TO FL-410 ORDER TO SHOW CAUSE AND

## AFFIDAVIT FOR CONTEMPT

### I.  COUNT 1-($90,450):-12-29-14-and-4-21-15 COURT ORDER VIOLATIONS REGARDING CHILD AND SPOUSAL SUPPORT

**A.**  **$90,450 Owed By Pierce Pursuant to 12-29-14 Findings And Order After Hearing And Subsequent April 21, 2015 Order**

1.    The December 29, 2014 Findings and Order After Hearing ("12-29-14 Order") at page 10 of the decision, paragraph 6 provides for the following child and spousal support payments.

"6. Dawns' request that Pierce's discretionary bonus be paid pursuant to an Ostler-Smith calculation is GRANTED; when Pierce receives **any bonus or payment (including advancements)** above the $32,500/mo he earns he shall pay Dawn 12% for child support ($5,000/$41,000 = 12%) and 15% for spousal support ($6,000/$41,000 = 15%). Pierce's argument that the payments be based upon 'net income' after taxes is rejected. The sums shall be calculated based upon 'gross income.' His argument that any such order be delayed until he has satisfied his Federal and State taxes is rejected; such an order could mean it would never become effective. To the extent Pierce contends any bonus is trumped by Federal or State tax liability or for previous advancements that he received to pay off his contempt citation has to be rejected; that was his election to make and will not trump or affect his obligation to pay support pursuant to this paragraph. **Pierce will notify Dawn within 72 hours of the announcement of any bonus he is entitled to and will pay her what he owes pursuant to this decision within 72 hours of his receipt of the money; to be explicit, Pierce is not entitled to (1) any reduction or exceptions for past or present income tax liability, or (2) for advancements he has received, and (3) shall be paid promptly and totally.**

. . .

9. Dawn's request for a wage assignment is DENIED provided that **it will be GRANTED if Dawn has not received her child and spousal support within 5 days of the date due; it would be an ongoing wage assignment;** and in such event Dawn's counsel or Dawn herself may seek a wage assignment **ex parte without notice forthwith;** Pierce's payment record has been abysmal and Dawn should not have to wait on him if he fails in the future not to make timely payments. **The same rule apply to the Court's decision concerning the Ostler-Smith order made herein.**"

## ATTACHMENT 8d, TO FL-410 ORDER TO SHOW CAUSE AND
## AFFIDAVIT FOR CONTEMPT

- 1 -

38

ATTACH 8d

(Emphasis added.)(*See* **EXHIBIT A**, 12/29/14 Order, p.10 , ¶¶6, 9 [relevant excerpts only; the entire order is in this Court's file].)

2.    The 12-29-14 Order is retroactive to April 1, 2014. (*Id.* pp. 10, 11 ¶¶4, 9.) *?*

3.    Petitioner, Pierce O'Donnell ("Pierce"), has not complied with the 12-29-14 Order nor has he complied with the 4-21-15 Order as detailed below. (*See* **EXHIBIT B**.)

4.    On April 1, 2015, this Court heard Dawn's ex parte application for wage assignment for Pierce's failure to pay the Ostler-Smith court ordered sums. (*See* Ex Parte Application For Wage Assignment Pursuant To 12/29/14 Statement Of Decision, Paragraph 9, *filed March 17, 2015*.)

5.    The Court's tentative ruling was to grant the ex parte application for wage assignment. After argument the Court took the matter under submission.

6.    A further hearing was held on April 21, 2015 to alert the Court that on April 13, 2015, Pierce finally disclosed his 2014 K-1 reflecting income he received from his employer Greenberg Glusker. (*See Supplemental Declaration In Support Of* Ex Parte Application For Wage Assignment Pursuant To 12/29/14 Statement Of Decision, Paragraph 9, *filed April 21, 2015*, Ex. A.)

7.    Pierce's K-1 directly contradicts the oral and written representations made by Pierce to the Court. Specifically, Pierce represented to the Court several times that the $335,000 ($285,000 from April to November 2014 and $50,000 December 2014) of "loan" advancements received by Pierce and repaid from his year-end bonus were not income to him. *The significance is: Pierce owes Dawn 27% of these advances which were already received by Pierce during the time when the current order was in effect (the order is retroactive to April 1, 2014).*

8.    The K-1 directly established that the "loan" advances clearly were income Pierce misrepresented the material fact to the Court that the "loans" were not income.

9.    Greenberg Glusker treated the loans as income and attributed the full amount of his salary, loan advancements and bonus as K-1 **"guaranteed payment to partner"** income. The total K-1 income in the sum of $2,924,5000 is comprised of:

    a. Pierce's regular salary of $32,500 per month beginning April 2014, total $260,000;

**ATTACHMENT 8d, TO FL-410 ORDER TO SHOW CAUSE AND
AFFIDAVIT FOR CONTEMPT**
- 2 -

b. $285,000[1] for the "loans" which were in fact *advances* against Pierce's bonus as demonstrated by the k-1 – *these sums were received by Pierce during the period of Judge Anderle's retroactive ruling and Pierce owes 27% of these sums; Pierce received the benefit of a retroactive base support payment adjustment from $29,000 to $11,036 which is why the period of retroactivity must equally apply to the Smith-Ostler bonus percentage of all advances received during that period as well;*

c. $50,000 advanced to Pierce on December 31, 2014;

d. $200,000 that the bankruptcy trustee agreed to release to Pierce from his bonus (Pierce represented to the bankruptcy trustee that he needed these funds to *pay Dawn the 27% of the advances already received and which are at issue herein but he did not use the funds as intended to pay Dawn 27% of the $285,000 and $50,0000 which is what is at issue herein*), and;

e. $2,115,000 which was the portion of the bonus paid to the bankruptcy trustee, and;

f. An additional $14,500 in employment perquisites;

g. **Total: $2,924,500 (amount of K-1 income attributed to Pierce)**

10. Pierce represented over and over to the Court that the "loans" were not income to him. Pierce misrepresented this Court: "It's not income ... (p. 4, line 2), "I will not get taxed ... (p.7, line 3) "I'm told I won't get taxed at all (p.7, line8)" ... "I didn't keep $335,000 your honor ... (p.7, line 13). (*See Supplemental Declaration In Support Of* Ex Parte Application For Wage

---

[1]    *See* Ex Parte Application For Wage Assignment Pursuant To 12/29/14 Statement Of Decision, Paragraph 9, *filed March 17, 2015,* **Ex. C** [$30,000 was advanced on October 23, 2014 and stamped "paid" December 31, 2014], **Ex. D** [$175,000 was advanced on August 25, 2014 and stamped "paid" December 31, 2014], **Ex. E** [$25,000 was advanced on August 11, 2014 and stamped "paid" December 31, 2014], **Ex. F** [$25,000 was advanced on July 24, 2014 and stamped "paid" December 31, 2014], **Ex. G** [$25,000 was advanced on July 24, 2014 and stamped "paid" December 31, 2014].

**ATTACHMENT 8d, TO FL-410 ORDER TO SHOW CAUSE AND
AFFIDAVIT FOR CONTEMPT**
-3    40

1   Assignment Pursuant To 12/29/14 Statement Of Decision, Paragraph 9, *filed April 21, 2015*, **Ex.**

2   **B** [Reporter's Transcript].)

3   11.   **The K-1 established clearly that the "loans"/advancements are treated as income to**

4   **him.**

5

6   12.   Accordingly, on April 21, 2015 this Court ordered that Pierce shall pay Dawn the sum of

    $90,450 within one week from April 21, 2015; it was due on April 28, 2015. (*See* Court's

7   Minute Order, **EXHIBIT B.**)

8   13.   Pierce refuses to comply with this Court order as well.

9

10  **B.**   **Summary:**

11  14. Pierce *currently* owes and *has the* ability to pay from the $200,000 *he received last month* the

12      total sum of **$90,450** which is comprised of:

13      a.   27% of the $285,000 (**$76,950**) in loan advancements received from April 2014

14          through November 2014. Notably, Pierce represented to the bankruptcy trustee that

15          he needed the $200,000 released from the trustee so that he could pay this obligation

16          as well as the obligation in the next paragraph.

17      b.   27% of the $50,000 (**$13,500**) advance that he received on December 31, 2014.

18  15. The break down of child support and spousal support is as follows:

19      a.   Child support (12%)      = $40,200

20      b.   Spousal support (15%)   = $50,250

21      c.   Total:                          = **$90,450**

22

23

24  **II.  COUNT 2 ($571,050):  12-29-14 COURT ORDER VIOLATION REGARDING**
        **CHILD AND SPOUSAL SUPPORT**

25

26  **A.**   **$571,050 Owed By Pierce Pursuant to 12-29-14 Findings And Order After Hearing**

27  16.   On *December 31, 2014*, Pierce received a $2,600,000 year-end bonus in part for his

28  successful representation of Shelly Sterling in her record breaking sale of the Los Angeles

**ATTACHMENT 8d, TO FL-410 ORDER TO SHOW CAUSE AND**
**AFFIDAVIT FOR CONTEMPT**

1    Clippers. (*See* Ex Parte Application For Wage Assignment Pursuant To 12/29/14 Statement Of

2    Decision, Paragraph 9, *filed March 17, 2015,* Ex. I, GG000001 [setting forth total bonus less

3    $285,000 less $200,000 discussed in next paragraph].)

4    17.    Of the total $2,600,000 bonus:

5        a.    $285,000 was deducted for the advances that he received (4/14-11/14);

6        b.    $200,000 was deducted and held pending bankruptcy court approval of a settlement

7             that Pierce negotiated with the bankruptcy trustee without notice to Dawn and which

8             was released to Pierce in April 2015, and;

9        c.    $2,115,000 was paid to the bankruptcy trustee.

10   18.    In violation of the 12-29-14 Order, Pierce failed to notify Dawn of this bonus so that she

11   would have the opportunity to notify the trustee in advance of her Smith-Ostler 27% support

12   share of the bonus.

13   19.    Pierce did pay Dawn her 27% share of the $200,000 that was released to Pierce.

14   20.    However, Pierce has not paid Dawn her 27% share of the remaining $2,115,000 of the

15   bonus.

16   21.    On September 16, 2014, a Stipulated Order was entered lifting the bankruptcy stay.

17   22.    Moreover, the automatic stay does not stay actions or proceedings with respect to

18   withholding of income that is property of the debtor **or the property of the estate** for the

19   payment of **"domestic support obligations"** under a judicial **order** or statute, i.e. earnings

20   assignments an wage assignment orders for support are enforceable and not affected by the stay

21   even against property of the bankruptcy estate.  (11 USC §362(b)(2)(C).)

22   23.    Accordingly, Dawn can enforce the full Smith-Ostler **now** against the bankruptcy estate.

23   24.    Pierce is currently trying to argue in bankruptcy court that Dawn cannot collect the

24   Smith-Ostler percentage because the 12-29-14 Order is on appeal. This argument, as his others,

25   is equally fallacious.  Dawn's claim is presently enforceable while on appeal. Pierce did not file a

26   bond to stay execution of the judgment so it is an enforceable money judgment (Cal. Code Civ.

27   Proc. section 917.1 subd. (a))  When a money judgment has not been stayed on appeal, the order

28   is enforceable by any means that would satisfy debt. (Code of Civil Procedure 917.1 subd. (a);.

**ATTACHMENT 8d, TO FL-410 ORDER TO SHOW CAUSE AND
AFFIDAVIT FOR CONTEMPT**

- 5    42

1   A judgment is final when it can be executed.  (Cal. Code Civ. Proc. Section 577; In re Marriage

2   of Corona 172 Cal.App.4th 1205 (2009).

3   25.    To be clear with this Court, Dawn informs the Court of the following salient facts

4   regarding this contempt count:

5        a.  Dawn has sought this $571,050 in the Bankruptcy Court proceeding; *-admin*

6        b.  Pierce has fiercely opposed Dawn getting it from the bonus corpus;

7        c.  Pierce has taken the position specifically in oral argument before the Bankruptcy

8            Court that if the Bankruptcy Estate doesn't have to pay it, **neither does he-it just**     *IRS /PPB*

9            **disappears according to Pierce,** which of course makes no **logical sense** and is an

10           argument with which Dawn strongly disagrees and something that *this Court* - the

11           Superior Court has jurisdiction over, and;

12       d.  To the extent that Dawn receives any of these monies in the bankruptcy court prior to

13           this contempt adjudication, Dawn will immediately reduce her claim herein and to the

14           extent that Dawn collects these sums from Pierce as part of her collection efforts in

15           this Superior Court action, she will reduce her bankruptcy claim in accordance

16           therewith.

17       e.  There is currently pending in bankruptcy court a motion regarding whether Pierce has

18           standing to object to Dawn's claim for the Smith-Ostler bonus percentage of child

19           and spousal support pursuant to the 12/29/14 Order set forth above.

20       f.  This Court will be apprised once that ruling is received.

21   **B.    Summary**

22   26.    In accordance with the 12-29-14 Order, Pierce owes Dawn 27% of the net bonus

23   ($2,115,000) in the sum of **$571,050.**

24       a.  Child support (12%)    = $253,800

25       b.  Spousal support (15%)  = $317,250

26       c.  Total:                 = **$571,050**     *Wodst*

27   27.    Pierce is believed to have the ability to pay this sum now based upon his pattern and

28   practice of obtaining advances against his year-end bonus.  In 2014, his total advances against

*Moslw*

**ATTACHMENT 8d, TO FL-410 ORDER TO SHOW CAUSE AND
AFFIDAVIT FOR CONTEMPT**
- 6   43

1  bonus income totaled $335,000 ($285,000 plus $50,000).  He continues to represent a high

2  profile client, appearing routinely in the media.

3  28.    Pierce is also believed to have income outside of Greenberg Glusker.  His agreement with

4  Greenberg Glusker permits him to work on cases outside of the firm.  Pierce recently disclosed

5  that he is working on a case with the local firm of Foley Bezek.

6  **C. Recapitulation Of All Sums Owed**

7  29.    The total Smith-Ostler percentage of support due and owing is **$661,500**; the child

8  support portion (12%) is $294,000 and spousal support portion is $367,500.

9  30.    Additionally, Dawn is entitled to interest at the legal rate of ten percent (10%) from the

10  date that the sums were paid December 31, 2014.  Attached as **EXHIBIT C** and **EXHIBIT D**

11  are the supporting Executioner™ reports.

12
13  ### III. COUNT 3, 4, 5, 6, 7 ($15,000):  12-29-14 COURT ORDER VIOLATION REGARDING INSTALLMENT PAYMENTS OF ATTORNEYS FEES

14  31.    In the litigation instigated by Pierce last year, 2014, Dawn incurred over $63,000

15  prosecuting the contempt for Pierce's refusal to pay support last year until the eve of trial when

16  he came current and incurred defending Pierce's request to modify support (even though the

17  result was to effectively modify support *upward*).  Pierce was ordered to pay $33,000 in needs

18  based fees for the Request For Order Re Child and Spousal Support Modification. This sum was

19  to be paid in monthly installments of $3,000.

20  32.    Specifically, the 12/29/14 Order provides:

21      "11. Dawn's request for her attorney fees incurred (the Court recognizes the request is for
22      about $63,000) for the contempt case and defending the RFO are GRANTED in the total
        sum of $33,000, all due and payable in 30 day installments of $3,000 per month
23      commencing on November 15, 2014 (the second payment of $3,000 will be due on
        December 15, and then January 15, 2015, and then February 15, 2015, etc until paid in
24      full; any sum not paid when due shall accrue interest at the legal rate."

25  (12/29/14 Order, Attach., p. 12, ¶11.)

26
27  33.    Pierce announced, through his new attorney, this month that he is no longer going to pay

28  the court ordered fees.

**ATTACHMENT 8d, TO FL-410 ORDER TO SHOW CAUSE AND
AFFIDAVIT FOR CONTEMPT**

34.    Since that date, Pierce has filed an improper civil action for set aside followed by a Request For Order Re Set Aside, and an additional civil action, has refused to comply with the court orders causing applications and hearings regarding wage assignment, enforcement and now this contempt.

35.    As a result, Dawn's fees have escalated to over $80,000 since Pierce's last round of pleadings.

## IV. PIERCE'S PREVIOUS DISOBEDIENCE OF COURT ORDERS AND FAILURE TO PAY SUPPORT

### A. Previous Contempt Actions For Failure To Pay Support

36.    Pierce's payment of support record has been "abysmal." (*See* Exhibit A, p. 11, ¶9, line 23 [Judge Anderle's finding and use of the word "abysmal".])

37.    On **May 14, 2014**, Dawn was required to file a contempt action against Pierce for non-payment of support.

38.    In summary, Pierce failed to pay the Court Ordered spousal support in the sum of $19,579 per month from October 1, 2013 through the present date, October 1, 2014.

39.    As of May 12, 2014, when the contempt was filed Pierce owed $161,545.52 in spousal support arrears (including interest).

40.    He made a partial payment but as of the eve of the October 28, 2014 trial he still owed a substantial sum which he finally paid.

41.    On the eve of the contempt trial, Pierce paid the arrears plus interest in full.

42.    A previous contempt action was filed on **August 30, 2012**, Dawn was required to file an OSC Re: Contempt for Pierce failure to pay the Court ordered pendente lite child and spousal support orders.

43.    In the Judgment at paragraph 22, Pierce acknowledged that as of October 30, 2012, he owed child and spousal support arrears and interest in the sum of $100,977.54. The August 30, 2012 was dismissed upon Pierce's satisfaction of the obligation.

44.    **In summary**, Pierce refuses to pay his Court ordered obligations until he *is required to do so.* Now, he must once again be required to do so.

ATTACHMENT 8d, TO FL-410 ORDER TO SHOW CAUSE AND
AFFIDAVIT FOR CONTEMPT
45

FL-340

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Susanna V. Pullen, CFLS, SBN 188194
Drury Pullen, A Professional Law Corporation
148 East Carrillo Street
Santa Barbara, California 93101
TELEPHONE NO. (Optional): 805-879-7523    FAX NO. (Optional): 805-965-0506
E-MAIL ADDRESS (Optional): spullen@drurypullenlaw.com
ATTORNEY FOR (Name): Respondent, Dawn Donley O'Donnell

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY of SANTA BARBARA

DEC 2 9 2014

Darrel E. Parker, Executive Officer
BY _D. Avila_
Denyse Avila, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Barbara
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: P.O. Box 21107
CITY AND ZIP CODE: Santa Barbara, California 93121-1107
BRANCH NAME: Anacapa

PETITIONER/PLAINTIFF: Pierce H. O'Donnell

RESPONDENT/DEFENDANT: Dawn Donley O'Donnell

OTHER PARTY:

FINDINGS AND ORDER AFTER HEARING

CASE NUMBER:
1381168

1. This proceeding was heard
on (date): 10/28/14-10/30/14    at (time): 9:00 a.m.    In Dept.: 3    Room:
by Judge (name): Honorable Thomas P. Anderle    ☐ Temporary Judge
On the order to show cause, notice of motion or request for order filed (date): 3/17/14    by (name):    Petitioner

a. ☑ Petitioner/plaintiff present    ☐ Attorney present (name):
b. ☑ Respondent/defendant present    ☑ Attorney present (name): Susanna V. Pullen
c. ☐ Other party present    ☐ Attorney present (name):

THE COURT ORDERS

2. Custody and visitation/parenting time:    As attached ☐    on form FL-341 ☐    Other ☐    Not applicable ☑
3. Child support:    As attached ☐    on form FL-342 ☑    Other ☐    Not applicable ☐
4. Spousal or family support:    As attached ☐    on form FL-343 ☑    Other ☐    Not applicable ☐
5. Property orders:    As attached ☐    on form FL-344 ☑    Other ☐    Not applicable ☐
6. Attorney's fees:    As attached ☐    on form FL-345 ☐    Other ☐    Not applicable ☑
7. Other orders:    ☑ As attached    ☐ Not applicable

All other issues are reserved until further order of court.

☐ This matter is continued for further hearing on (date):    at (time):    In Dept.:
on the following issues:

Date:    DEC 2 9 2014    ▶    THOMAS P. ANDERLE
JUDICIAL OFFICER

Approved as conforming to court order.

SIGNATURE OF ATTORNEY FOR:  ☑ PETITIONER/PLAINTIFF  ☐ RESPONDENT/DEFENDANT  ☐ OTHER PARTY

Page 1 of 1
www.courts.ca.gov

Form Adopted for Mandatory Use
Judicial Council of California
L340 [Rev. January 1, 2012]

FINDINGS AND ORDER AFTER HEARING
(Family Law—Custody and Support—Uniform Parentage)

EXHIBIT A

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

OCT 3 0 2014

Darrel E. Parker, Executive Officer

BY _____
M. Ayala, Deputy Clerk

NDX _____
V _____
CA _____
FIN _____
J _____
PTY _____
ATT _____
COD _____
ST _____

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

PIERCE O'DONNELL

Petitioner

vs

DAWN O'DONNELL

Respondent

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1381168

TENTATIVE DECISION ON
RFO
ATTORNEY FEES
RE: CONTMEPT

This matter came on for hearing on October 28, 29, and 30, 2014. Petitioner Pierce
O'Donnell ("Pierce") was self-represented; Respondent Dawn O'Donnell ("Dawn") was
represented by Drury Pullen by Susanna V. Pullen. Since there is very considerable
overlap the Court has consolidated the hearings on Dawn's OSC re: contempt[1] and
Pierce's RFO to modify support. This was facilitated by the fact that Pierce has waived his
right to not testify by filing exhaustive declarations in the contempt matter. This case has
had a very litigious background. We are now in the 21" volume of Clerk's records. The
Court has made it very clear to the parties that all the declarations of the parties on both
the RFO and the Contempt matter will be admitted into evidence subject to cross
examination; that the Court has read everything and although both sides have an

1

1  opportunity to present testimony and other evidence, that <u>neither side was invited to</u>
2  <u>replicate the testimony already given in the declarations.</u>[2]

### Pierce Files RFO to Modify Support

4  On 3/17/14 Pierce filed a motion to modify the Court's Judgment, filed November 21,
5  2012, setting child and spousal support; Pierce suggests the appropriate amount of child
6  support would be $805/mo for Pierce and $1,342/mo for Aidan (now set at $5,972 for Pierce
7  and Aidan as well as Courtney who now has reached the age of majority); suggests spousal
7  support of $3,658/mo (now set at $19,579/mo); seeks retroactivity to the date of filing the
8  motion; reports that the Court set support based on an assumed income for him of
9  $1,000,000/yr and he has had income of only $11,356/mo plus social security of $3,800/mo;
10  there is a basic shortfall of -21,000/mo.

11  Pierce filed a proposed DissoMaster; assumes 2 children and 1% time share; assumes
12  Dawn earns $5,000/mo, with other taxable income of $1,666/mo and has $4,006 in itemized
13  deductions. Pierce filed a financial declaration. Dawn was apparently served by mail on
14  3/17/14.

15  On 4/4/14 Dawn filed a substitution of attorney and was then representing herself.
15  Unaccountably, there was no response to the RFO in the file from Dawn.

16  On 4/18/14 Pierce filed a supplement to his RFO; declared he had recently (April 1, 2014)
17  found a job as "of counsel" to a law firm; will be an "at-will" employee; the job offer letter
18  reports he will have medical, dental, disability and life insurance benefits (that appears to
19  be a job perquisite); his gross income will be $32,500/mo plus discretionary bonus at the
20  end of each calendar year (or earlier on a quarterly basis); filed a declaration claiming he
21  will have $25,000/mo income after business expenses; includes car and car insurance
22  ($1,500/mo), lodging in Los Angeles ($4,000/mo), and other unreimbursed business
23  expenses ($2,000/mo). Reports he will continue to receive his social security income each
24  month. (In his proposed DissoMaster he assumed $2,500/mo for health insurance
24  premiums that the Court could not reconcile; albeit he reported that sum on his I & E of
25  3/17, it seems to conflict with the 3/21 job offer letter.)

---

[1] Except for Dawn's claim to attorney fees, the contempt matter was resolved on 10/24/14 when Pierce paid
the outstanding amounts owed.
[2] The Court has not reported herein everything they said in their declarations; I summarized only.

2

1    benefit the Court will remind him that the spousal support shown, if not blocked, is

2    $7,000/mo.)

3    4. Child and spousal support is <u>retroactive to April 1, 2014,</u> with credit for sums paid.

4    5. Pierce's request for <u>business expenses</u> to be subtracted from his earned income is

5    DENIED; his claim for $200/mo for a cell phone and $600/mo for car and insurance are not

6    considered "business expense deductions" in this dissolution action; he has provided

7    inadequate proof to establish they are business expenses and not personal expenses; the

8    $415/mo for storage and insurance costs for the painting *Pink Spring* in which the parties

9    have a 30% interest is an expense he may recoup when the painting is finally sold and the

10   Court will not reduce his earned income for a cost that Pierce has unilaterally elected to

     incur.

11   6. Dawns' request that Pierce's <u>discretionary bonus</u> be paid pursuant to an Ostler-Smith

12   calculation is GRANTED; when Pierce receives any bonus or payment (including

13   advancements) above the $32,500/mo he earns he shall pay Dawn 12% for child support

14   ($5,000/$41,000 = 12%) and 15% for spousal support ($6,000/$41,000 = 15%). Pierce's

15   argument that the payments be based upon "net income" after taxes is rejected. The sums

16   shall be calculated based upon "gross income." His argument that the any such order be

17   delayed until he has satisfied his Federal and State taxes is rejected; such an order could

18   mean it would never become effective. To the extent Pierce contends any bonus is trumped

19   by Federal or State tax liability or for previous advancements that he received to pay off

20   his contempt citation has to be rejected; that was his election to make and will not trump or

21   affect his obligation to pay support pursuant to this paragraph. Pierce will notify Dawn

22   within 72 hours of the announcement of any bonus he is entitled to and will pay her what

     he owes pursuant to this decision within 72 hours of his receipt of the money; to be explicit,

23   Pierce is not entitled to (1) any reduction or exceptions for past or present income tax

24   liability, or (2) for advancements he has received, and (3) shall be paid promptly and

     totally.

25   7. Dawn's request that the parents share equally in <u>uninsured medical and dental expenses</u>

26   of the children is DENIED; the Court has previously addressed the issue, but the Court will

27   say again, that was a matter that should have been addressed at the time of the Judgment;

28

                                          10

1  both sides had competent lawyers and they the Court will and must assume they

2  deliberately and thoughtfully elected not to specifically address the issue.

3  8. Dawn's request that the parents share equally the cost of extracurricular activities of the

4  children Pierce Jr and Aidan is DENIED; that was a matter that should have been

5  addressed at the time of the Judgment; both sides had competent lawyers and the Court

6  will and must assume they deliberately and thoughtfully elected not to specifically address
   the issue.

7  9. Dawn's request that Pierce be ordered to make her the beneficiary of a life insurance

8  policy of not less than $2,000,000 to secure child and spousal support is DENIED; the fact

9  that the policy that was in place has lapsed will not be a reason for now ordering Pierce to

10  replace it (in part); the lapse of that policy is apparently the subject of other litigation now

11  being pursued.

12  10. Dawn's request for payment of the arrears is DENIED without prejudice; that matter

13  can be addressed in the usual manner if in fact there are arrears; the Court has not

14  formulated any decision on the issue in this decision other than providing direction to the

15  parties on the issues that were critical for this hearing. The same order is made with

16  respect to any calculation of what Pierce might or might now owe Dawn. In any event the
   payment of on-going child support and spousal support WILL NOT be affected or delayed

17  by either Pierce's or Dawn's contention that he or she is entitled to a refund; that issue will

18  be the subject of a meet and confer conference and if the sides do not agree submit it to the

19  Court for decision; do not suspend payment of support in the meantime.

20  9. Dawn's request for a wage assignment is DENIED provided that it will be GRANTED if
   Dawn has not received her child and spousal support within 5 days of the date due; it

21  would be an ongoing wage assignment; and in such event Dawn's counsel or Dawn herself

22  may seek a wage assignment ex pate without notice forthwith; Pierce's payment record has

23  been abysmal and Dawn should not have to wait on him if he fails in the future not to make

24  timely payments. The same rules apply to the Court's decision concerning the Ostler-Smith

25  order made herein.

26  10. Dawn's requests that Pierce should not be entitled to offsets for insurance premiums

27  and storage of painting, etc, is addressed herein above.

28

11

11. Dawn's request for her attorney fees incurred (the Court recognizes the request is for about $63,000) for the contempt case and defending the RFO are GRANTED in the total sum of $33,000, all due and payable in 30 day installments of $3,000 per month commencing on November 15, 2014 (the second payment of $3,000 will be due on December 15, and then January 15, 2015, and then February 15, 2015, etc until paid in full; any sum not paid when due shall accrue interest at the legal rate. The standard of proof regarding need-based fees is that the Court shall first make findings of whether fees and costs are appropriate; whether there is a disparity in access to funds, and whether one party is able to pay for both parties' legal representation; that only if the Court makes a finding demonstrating disparity in access and ability to pay should the Court award fees. The Court can comfortably make all such findings here. There is indeed a significant disparity between the parties' respective earnings and earning ability that is real; it would have a chilling effect in such dissolution matters if the Court does not award Dawn fees and costs in this case; thus Pierce shall pay Dawn the attorney fees described above; the balance of Dawn's fees and costs will be her responsibility. No sanction-based fees are awarded at this time; the standard of proof regarding sanction-based fees is that the Court shall first make findings of whether sanctions are appropriate; the Court has determined that sanction-based fees are not appropriate at this time.

12. Pierce's request for attorney fees on the RFO is DENIED. The fact is that his financial position is far superior to Dawn's.

13. PERMANENT SPOUSAL SUPPORT ANALYSIS

Pursuant to the *Geraci* case (2006) 144 Cal App. 4th 1278, (and see IRMO Ackerman (2006-2007) 146 Cal. App. 4th 191) the Court is invited if not mandated to weigh each of the factors of §4320. In addition a key in this case is the marital standard of living and how it should be analyzed. The Court is charged with making specific findings regarding the marital standard of living but also to ascertain the extent to which the Court can create support rights and assign support responsibilities equitably measured against the marital standard of living. The marital standard of living is not the absolute measure of reasonable

12

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| F | |
| CA | |
| ST | |
| DO | X |

**Dated & Entered:** April 21, 2015      **Time:** 8:45 a.m.

**Honorable:** James E. Herman

**Deputy Clerk:** Kristi Temple      **Dept 1**

**Deputy Sheriff:** A. Lafferty

**Court Reporter:** n/a      **Case No:** 1381168

**Petitioner:** PIERCE O'DONNELL

and

**Respondent:** DAWN O'DONNELL

**Present:**

**Petr's Counsel:** *In Pro Per*

**Resp's Counsel:** Susanna Pullen

**NATURE OF PROCEEDINGS:** Ex Parte Application – Supplemental Declaration in Support of Ex Parte Application for Wage Assignment Pursuant to 12/29/14 Statement of Decision

The matter proceeded at 8:45 a.m. with the Court, Petitioner, and Respondent's counsel present.

Both sides presented argument. The Court found that the additional paperwork provided by the Respondent supports the request for a wage assignment. The Court ordered the Petitioner to pay the additional $90,450 to the Respondent within one week from today. The Court will impose the wage assignment but it will be stayed.

The Court ordered counsel for the Respondent to prepare an order and have it approved as to form by the Petitioner.

This ruling takes the April 1, 2015 matter out of submission.

The matter adjourned.

DARREL E. PARKER, EXECUTIVE OFFICER      by: _____
Deputy Clerk

JEH          **Civil Minutes**          Page 1

EXHIBIT B

Case 2:15-ap-01394-ER   Doc 1   Filed 07/29/15   Entered 07/29/15 10:45:25   Desc
Main Document    Page 57 of 64

Pierce O'Donnell vs. Da( ) D'Donnell (Respondent) Case No. 07381168, 5/14/2015

## Amounts Due Now

Costs:                          $0.00
Principal:                      $294,000.00
*Interest:                      $10,873.97
**Fam C §4722 Penalty:          $0.00
                                ------------------
Total:                          $304,873.97

Daily interest from Friday, May 15, 2015 is:      $80.55

\* Interest (and principal, if spousal or family support) is taxable to recipient in full in the year received, regardless of when due.
\*\* Penalty applicable to child support payments accruing after January 1, 1992, if Notice has been properly filed and served 30 days prior to issuance of this writ.

Susanna V. Pullen, Drury Pullen, APLC
CFLR Executioner 2015-1(tm); 5/14/2015 6:32 PM

53                                      EXHIBIT C

## Executioner Input Summary

**Case Name:**         Pierce O'Donnell vs. Dawn O'Donnell (Respondent)

**Case Type:**         Child Support

**Default Date:**      May 14, 2015

**Application Date:**  May 15, 2015

**Payment Schedule:**
**Last Pymt Due Date:** Dec 31, 2014
**Interest Rate Src:**  Judgment
**Interest Rates:**     Jan 01, 1983         10.00%
**Interest Year:**      365 days per year
**Interest Type:**      Simple
**Grace Period:**       0 days
**Round to dollar:**    False
**Fee for Writ:**       $25.00
**Payment Order:**      User Assignment – Principal, Interest, Cost, Penalty

**Payments Made:**
**Payments Total:**     $0.00

**Lump Sums Added:**    Dec 31, 2014         $294,000.00

**Penalties accrue:**   from payment due date.

**Use 30-day Grace Period when calculating penalties:** true
Susanna V. Pullen, Drury Pullen, APLC
CFLR Executioner 2015-1(tm); 5/14/2015 6:32 PM

Case Number 7871 R4
May 15, 2015
Drury Pullen, APLC

| Date | Actions | Payment Due | Paid | Penalty Bal | Arrears | Interest Credit | Bal | Principal & Costs Credit | Bal |
|------|---------|------------|------|-------------|---------|-----------------|-----|--------------------------|-----|
| Dec 31, 2014 | @10.00% | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Dec 31, 2014 | imp sum | 294000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 294000.00 |
| May 15, 2015 | appl | 0.00 | 0.00 | 0.00 | 10873.97 | 0.00 | 10873.97 | 0.00 | 294000.00 |
| May 15, 2015 | totals | 294000.00 | 0.00 | 0.00 | 10873.97 | 0.00 | 10873.97 | 0.00 | 294000.00 |

## Amounts Due Now

| | |
|---|---|
| Costs: | $0.00 |
| Principal: | $367,500.00 |
| *Interest: | $13,592.47 |
| **Fam C §4722 Penalty: | $0.00 |
| | ------------ |
| Total: | $381,092.47 |

Daily interest from Friday, May 15, 2015 is:    $100.68

* Interest (and principal, if spousal or family support) is taxable to recipient in full in the year received, regardless of when due.
** Penalty applicable to child support payments accruing after January 1, 1992, if Notice has been properly filed and served 30 days prior to issuance of this writ.

Susanna V. Pullen, Drury Pullen, APLC
CFLR Executioner 2015-1(tm); 5/14/2015 6:33 PM

EXHIBIT D

## Executioner Input Summary

**Case Name:** Pierce O'Donnell vs. Dawn O'Donnell (Respondent)

**Case Type:** Spousal Support

**Default Date:** May 14, 2015

**Application Date:** May 15, 2015

**Payment Schedule:**
**Last Pymt Due Date:** Dec 31, 2014
**Interest Rate Src:** Judgment
**Interest Rates:** Jan 01, 1983          10.00%
**Interest Year:** 365 days per year
**Interest Type:** Simple
**Grace Period:** 0 days
**Round to dollar:** False
**Fee for Writ:** $25.00
**Payment Order:** User Assignment - Interest, Principal, Cost, Penalty

**Payments Made:**
**Payments Total:** $0.00

**Lump Sums Added:** Dec 31, 2014          $367,500.00

Susanna V. Pullen, Drury Pullen, APLC
CFLR Executioner 2015-1(tm); 5/14/2015 6:33 PM

57

Drury Pullen, APLC

| Date | Action | Payment Due | Paid | Penalty Bal | Amt | Interest Credit | Bal | Principal & Costs Cred | Bal |
|------|--------|------------|------|-------------|-----|-----------------|-----|----------------------|-----|
| Dec 31, 2014 | @10.00% | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Dec 31, 2014 | lmp sum | 367500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 367500.00 |
| May 15, 2015 | appl | 0.00 | 0.00 | 0.00 | 13592.47 | 0.00 | 13592.47 | 0.00 | 367500.00 |
| May 15, 2015 | totals | 367500.00 | 0.00 | 0.00 | 13592.47 | 0.00 | 13592.47 | 0.00 | 367500.00 |

FORM B104 (08/07)                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Pierce H. O'Donnell | DEFENDANTS<br>Susanna Pullen, an individual, Drury Pullen, A Professional Law Corporation, and Dawn Donley O'Donnell, an individual |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Peter T. Steinberg, Esq., Steinberg, Nutter & Brent, Law Corp.,<br>23801 Calabasas Road, Suite 2031, Calabasas, CA 91302<br>Telephone: 818-876-8535 | ATTORNEYS (If Known)<br>Unknown at present |

PARTY (Check One Box Only)
☑ Debtor        ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor      ☐ Other
☐ Trustee

PARTY (Check One Box Only)
☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor      ☑ Other  Attorneys for Creditor
☐ Trustee                 and Creditor

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiff maintains that the Defendants have violated 11 U.S.C. Section 362, et seq., (the automatic stay) by wrongfully initiating an action against him in State Court.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $    According to proof, est. between $25-$75,000.00 |

Other Relief Sought
Adjudication of contempt, damages and attorneys fees for violation of automatic stay

59

FORM B104 (08/07), page 2                                                2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Pierce H. O'Donnell | 2:14-bk-26032ER |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District of California | Los Angeles | Ernest Robles |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 7/29/15 | Peter T. Steinberg, Attorney for Debtor/Plaintiff |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property and property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.