BEALL & BURKHARDT, APC
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774, FAX (805) 963-5988

Attorneys for Defendants

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Pierce H. O'Donnell,<br><br>      Debtor.<br><br>Pierce H. O'Donnell,<br><br>      Plaintiff.<br><br>vs.<br><br>Susanna Pullen, Drury Pullen, and Dawn Donley O'Donnell,<br><br>      Defendants. | Bk. No. 2:14-bk-26032-ER<br>Chapter 7<br>Adversary No. 2:15-ap-01394-ER<br><br>**MOTION TO DISMISS ADVERSARY PROCEEDING**<br><br>Date: October 6, 2015<br>Time: 10:00 a.m.<br>Place: 255 E. Temple Street<br>   Courtroom 1568<br>   Los Angeles, CA 90012 |

   Defendant Dawn Donley O'Donnell hereby requests that this Court dismiss the pending adversary proceeding for failure to state a claim upon which relief can be granted.

1

# POINTS AND AUTHORITIES

## I. FACTS

The following facts are alleged by the complaint filed by Pierce O'Donnell. While Defendants do not concede these facts to be accurate, for the purposes of this motion, the factual allegations as stated in the complaint must be deemed to be true.

The complaint seeks an adjudication that certain acts taken by Ms. O'Donnell and her counsel violate the automatic stay imposed by section 362 (paragraph 1).

The complaint alleges that a voluntary Chapter 7 case was filed on August 20, 2014 (paragraph 5). It alleges that an automatic stay was initiated in favor of the debtor, and that the parties stipulated to a modification of that stay (paragraph 17). It describes that the stay was modified to permit enforcement of any state court award against property that is not property of the estate (paragraph 18).

The complaint alleges that the stay was violated by the filing of an Order to Show Cause in re Contempt (paragraph 28). The allegedly violative Order to Show Cause is attached as Exhibit C to the Complaint. The Complaint admits that the Contempt proceeding is a criminal action against the debtor (paragraph 34).

The facts alleged in the Complaint, even if all found to be true, fail to state claim against Defendant upon which relief can be granted..

## II. ARGUMENT

A motion to dismiss made pursuant to 12(b)(6) for a complaint's failure to state a claim upon which relief can be granted is governed by Rule 8, made applicable to this proceeding by Bankruptcy Rule 7008. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Following the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), courts use a two-prong approach when considering a motion to dismiss. See L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d

419, 430 (2d Cir. 2011); Harris v. Coleman, 863 F. Supp. 2d 336, 340 (S.D.N.Y. 2012); Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418, 425 (S.D.N.Y. 2012); King County, Wash. v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 288, 297 (S.D.N.Y. 2012), reh'g denied, 863 F. Supp. 2d 317 (S.D.N.Y. 2012). First, the court must accept all factual allegations in the complaint as true, but should ignore legal conclusions clothed in factual garb. Iqbal, 556 U.S. at 677-79; L-7 Designs, 647 F.3d at 430; Boykin v. Keycorp, 521 F.3d 202, 204 (2d Cir. 2008). Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief." Iqbal, 556 U.S. at 679. The only allegations that may survive a motion to dismiss are those that cross "the line between possibility and plausibility of entitle[ment] to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Thus the Court should, for the purposes of this motion, accept factual allegations, but give no deference to conclusory allegations.

### A. There is no Automatic Stay

Although the Complaint alleges that a stay arose upon the filing of the case, it does not allege that the debtor currently enjoys the protection of the stay. This is not a technical argument. As far as the debtor's share of the automatic stay, it no longer exists because the debtor was discharged on June 15, 2015. Under 363(c)(2)C), the debtor's stay terminates when the discharge is entered.

The injunction following discharge (524(a)(2)) does not apply because it enjoins parties from actions to collect on a discharged debt. Here, of course, there is no question that Dawn's claims have not, and will not, be discharged. In any event, the Complaint does not seek relief under section 524. No party can violate a stay unless there is one in place. The failure to allege a stay currently prohibiting any action is a fatal flaw in the complaint.

In *In re White*, 466 F. 3d 1241 (11th Cir. 2006), the Court held unequivocally that the IRS could pursue the debtor after discharge, even in a Chapter 11 context. See, also *In re DePaolo*, 45 F.3d 373, 375 (10th Cir. 1995). The entire nature of a non-dischargeable debt is that the creditor may pursue the debtor after discharge.

The debtor attempts to suggest that the Contempt action seeks property of the estate, since this Creditor has filed a claim (to which the Debtor objected) seeking payment of the claim from the estate. In a non-dischargeable claim, the creditor is entitled to pursue collection from either source, although the creditor is only entitled to one satisfaction, if collection is successful, credit must be given.

The OSC requires the Debtor (not the Trustee) to appear and demonstrate why he should not be held in contempt for failing to abide by valid Orders of the Superior Court. It does not require the Trustee or the Estate to do anything. A holding of the Superior Court that the Debtor is in contempt will not require the Estate to pay money, therefore the OSC does not seek property of the estate. The Estate has not been served, and the Superior Court has asserted no jurisdiction over the Estate or the Trustee.

The law is clear that only the Trustee has standing to enforce alleged violations of the stay that protects the estate (as opposed to the debtor). *In re Pecan Groves of Arizona*, 951 F.2d 242, 245 (9th Cir. 1991), *In re Franck*, 19 F.3d 1440 (9th Cir. 1994).

The Complaint should be dismissed.

### B. The Contempt Proceeding is criminal in nature

A second ground exists for dismissal of the Complaint. The Complaint seeks to impose sanctions for violating the stay against Defendant for pursuing a criminal matter. The Code specifically excepts criminal prosecutions from the protection of the automatic stay. Insofar as the proceeding the Debtor argues is stayed, there never was a stay under 362(b)(1), even when the Debtor did enjoy the protection of the stay.

The complaint is clear in its admission that the Contempt proceeding is criminal in nature (see Paragraph 34). Even were the debtor to argue otherwise, those arguments would be specious. The face of the Judicial Council Affidavit for Contempt form expressly states "A contempt proceeding is criminal in nature" and advises the citee that "the possible penalties include jail sentence …" Consequently, at least one court concludes *any* contempt proceeding brought on the standard Judicial Council contempt form is *per se* a *criminal* (not a civil or "remedial") contempt matter. [See *County of Santa Clara v. Super.Ct. (Rodriguez)* (1992) 2 CA4th 1686, 1693, 5 CR2d 7, 11, fn. 8—"On the record

4

before us we need not grapple with distinctions between 'criminal' and 'civil' contempt ... Patently (because the Judicial Council form was used) the proceedings here were initiated and conducted under the punitive provisions of (CCP § 1218)" (parentheses added)].

Civil contempt proceedings under CCP §§1209-1222 are criminal in nature because of the penalties that may be imposed. CALIFORNIA JUDGES BENCHBOOK: CIVIL PROCEEDINGS BEFORE TRIAL, SECOND EDITION (hereinafter JUDGES BENCHBOOK ), § 17.77 (Cal CJER 2008) (citing *Raiden v. Sup. Ct.*, 34 Cal. 2d 83, 86, 206 P.2d 1081, 1082 (Cal. 1949). *In re Dumas*, 19 B.R. 676 (B.A.P. 9th Cir. 1982). This matter is criminal in nature. 362(b)(1) is a complete bar to the complaint, and it should be dismissed without leave to amend.

### C. Collection from the Debtor is permitted by the Code

A third ground prevents the Contempt action from violating the stay. The Bankruptcy Code expressly *exempts* many actions and proceedings from the reach of the automatic stay—including several types of family law proceedings (11 USC § 362(b)). Exempt from the automatic stay are actions to collect "domestic support obligations" from property that is not part of the bankruptcy estate. (11 USC § 362(b)(2)(B).) The Debtor simply misunderstands (perhaps intentionally) the nature of a non-dischargeable debt.

Dawn seeks to enforce the child and spousal support orders against the Debtor's post-petition wages and earnings. An individual Chapter 7 debtor's wages earned postpetition do not constitute estate property. [See 11 USC § 541(a)(6); *Matter of Hellums* (7th Cir. 1985) 772 F2d 379, 381] Again, by way of her OSC Re Contempt she is collecting against the Debtor's post-petition earnings, and not the bankruptcy estate. There is no stay violation.

There is no stay against enforcing domestic support obligations from an individual debtor's postpetition wages or earnings in a Chapter 7 case ... because postpetition wages or earnings are not property of the estate. [11 USC § 541(a)(1), (6); see *Matter of Clark* (5th Cir. 1989) 891 F2d 111, 115; *Matter of Daugherty* (BC D NE 1990) 117 BR 515, 518; *In re Bible* (BC SD GA 1990) 110 BR 1002, 1007].

5

### D. The Court has Previously Modified the Stay by Stipulation

The Complaint admits at paragraph 18 that even when the Debtor did enjoy a stay, and despite 11 USC § 362(b)(2)(B), a Stipulation (Exhibit B to the Complaint), validly entered into and Ordered by the Court, was entered into in Defendants were permitted to pursue collection of domestic support, including through the use of a contempt proceeding. Since the stay was specifically modified to permit a contempt action to pursue family support, even when the Debtor had a stay, it had been modified.

### III. CONCLUSION

For any of the distinct grounds set forth in this Motion, the Court should dismiss the within adversary proceeding.

Respectfully Submitted,

Dated: August 27, 2015            BEALL & BURKHARDT, APC

By: /s/ William C. Beall
William C. Beall, Attorneys for Defendants

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
    Motion to Dismiss

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/27/15, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Brad D Krasnoff (TR)    jmcdaniel@dgdk.com, bkrasnoff@ecf.epiqsystems.com
- Peter T Steinberg    mr.aloha@sbcglobal.net
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 8/28/15, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/28/15 | William C. Beall | /s/ William C. Beall |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE